

Joseph M. Sellers, Washington Lawyers Committee for Civil Rights Under Law, Washington, D.C., and Barry J. Reingold, Perkins, Coie, Stone, Olsen & Williams, Washington, D.C., for plaintiff.

George P. Williams, Asst. U.S. Atty., Royce C. Lamberth, Asst. U.S. Atty., and Joseph E. DiGenova, U.S. Atty., Washington, D.C., for defendant.

**Wellington H. MITCHELL, Plaintiff,**

v.

**Malcolm BALDRIGE, Defendant.**

**Civ. A. No. 82–3020.**

United States District Court, District of Columbia.

June 18, 1987.

CHARLES R. RICHEY, District Judge.

Plaintiff has asked the Court to order defendant to furnish him with reasonable administrative leave for time expended in connection with discovery and pre-trial preparation for this Title VII suit. Defendant vigorously opposes this motion. The Court has carefully considered the motion, the opposition thereto, the legal memoranda filed by both sides, and the underlying law, and will grant plaintiff's motion, subject to the conditions set forth in this Opinion and the Order that accompanies it.

As far as the Court is aware, this is a case of first impression. The Court knows of no case in which a party to a civil rights

suit has asked for administrative leave from the federal government before prevailing on the merits of the suit. There are, however, certain well-accepted principles, and some closely related cases, that dictate the Court's decision to grant plaintiff's motion.

First, to deny plaintiff's request would be to ignore the broad mandate of Title VII. The Civil Rights Act of 1964 and the Equal Employment Opportunity Act of 1972 were

> designed to afford to those suffering from discrimination an efficacious remedy, unencumbered by unnecessary difficulties and obstacles. For that reason, it must be, and has been, liberally construed to achieve its objectives.

*Davis v. Bolger,* 496 F.Supp. 559 (D.D.C. 1980); *see also, Barnes v. Costle,* 561 F.2d 983 (D.C.Cir.1977).

*Davis* involved a challenge to the federal policy of allowing federal employees who testify in a Title VII case to take administrative leave only if they appear on behalf of the government. *Davis* held that Title VII prohibited the government from denying administrative leave to employees who testify against the government in a Title VII case. The decision was grounded on a principle that is directly relevant to this action: the federal government's interest in eradicating discrimination in its ranks prevents it from treating a Title VII plaintiff any less favorably than it treats itself for the purposes of the litigation.

This was precisely the principle that the government ignored in the *Davis* case. By granting administrative leave only to those employee-witnesses who testify for the government, the government put a Title VII plaintiff at a comparative disadvantage. This practice violated the spirit of Title VII, for

> certain Title VII provisions are designed ... to provide ... the Title VII plaintiff with a slight 'boost' over his employer-defendant as a means of rectifying the imbalance of strength and resources inherent in their relationship, and of facilitating the redress of injuries caused by discrimination.

496 F.Supp. at 564.

Nor were those statutory "boosts" to plaintiffs the only reason for finding that the government's partiality violated Title VII. As *Davis* so correctly found, the government's actions could not be justified on the theory that it has an interest in defeating discrimination claims against it and thus an interest in not assisting the "other side." For, as *Davis* noted,

> In a Title VII lawsuit the plaintiff in a very significant sense is not on the other side. The United States has a substantial interest of its own in the elimination of discrimination on account of race, sex, age, or physical handicap in its ranks— an interest at a minimum sufficient to preclude the creation of artificial obstacles in the path of those whose actions tend to vindicate that interest, whatever their own private motives may be.

These points are directly pertinent to plaintiff's motion. As plaintiff notes, defendant Baldrige, who is sued in his official capacity as Secretary of Commerce, is not present at pre-trial proceedings or at trial. Instead, he is literally represented by agency counsel. Agency counsel does not serve at those proceedings as Secretary Baldrige's lawyer—the United States Attorney serves that function—but as an occupant of the defendant's shoes. And the salary paid to agency counsel fully covers time at depositions, meetings with the United States Attorneys, and other facets of pre-trial preparation. Thus, plaintiff's situation is analogous to the one condemned in *Davis:* the government pays for time expended on pre-trial proceedings by "defendant," but it will not do the same for plaintiff.

Moreover, allowing plaintiff to take administrative leave to prepare for trial is consistent with the broad objectives of Title VII. Both plaintiff and defendant have an interest in vindicating plaintiff's rights, if he has indeed been the victim of discrimination. A plaintiff like this one, who depends upon his salary, and who may face substantial hardship if forced to use annual leave when he must be preparing for litigation,

may well face a choice between his livelihood and his lawsuit. This is utterly inconsistent with the "boost" that Title VII provides plaintiffs in other regards.

Defendant argues that *Davis* is limited to court appearances by witnesses and should not be extended to cover time for trial preparation. The Court, however, can see no reasoned way to draw this distinction. If anything, the argument for allowing a plaintiff to take administrative leave in order to prepare for trial is stronger, as it is the plaintiff's rights that are at issue in the lawsuit. To allow witnesses to be paid for their trial participation, and to deny the allegedly injured plaintiff the right to prepare those witnesses without further financial hardship, would make little sense indeed.[1]

This holding is thoroughly consistent with related case law and administrative practice. First, Title VII plaintiffs in suits against the government are allowed paid leave while they pursue their claims through the administrative process. Under 29 C.F.R. § 1613.214(b), a complainant is entitled to a "reasonable amount of official time to present his complaint...." This extends not only to the administrative hearings but to preparation for those hearings as well. *See EEO Management Directive No. 403*, ¶ 6c, at 2 (Sept. 1983), *attached to Plaintiff's Reply* as Exhibit 1.

The required administrative enforcement procedure complements the judicial remedy; together, the administrative and judicial avenues for relief provide the Title VII plaintiff with a full mechanism for vindicating rights and eradicating employment discrimination. *See, e.g., Brown v. General Services Administration*, 425 U.S. 820, 831, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). There is no reason for paying plaintiff for pre-hearing activity at the administrative level and refusing to make the same payment for the same activity when the same claim is in a different forum. The government's interest in eliminating

any possible discrimination is the same, and plaintiff's claims surely are no different.

Moreover, this particular plaintiff's claim for paid leave is particularly strong. A successful Title VII plaintiff is entitled to reimbursement for vacation leave, or for unpaid leave, that was used for pre-trial activities. Despite defendant's claims that reimbursement for trial preparation is never permitted, there is no question that plaintiff could be retroactively reimbursed for reasonable pre-trial expenses if he prevails in his suit. *Kyles v. Secretary of Agriculture*, 604 F.Supp. 426, 437 n. 21 (D.D.C.1985); *Laffey v. Northwest Airlines*, 572 F.Supp. 354 (D.D.C.1983), *aff'd. in part and remanded in part on other grounds*, 746 F.2d 4 (D.C.Cir.1984), cert. denied, 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985).

Although plaintiff is not a "prevailing party" in the strict sense of that term, neither is he an untested litigant. This case is now on remand to this Court. Plaintiff has already had a trial and an appeal on his claims, and the Court of Appeals for this Circuit has found that plaintiff made out a *prima facie* case of discrimination and may be able to show that defendant's alleged rationales for its actions were pretextual. *Mitchell v. Baldrige*, 759 F.2d 80 (D.C.Cir.1985). Thus plaintiff, while not a "prevailing party," has advanced claims that have withstood some scrutiny. Although this is not dispositive, it is yet another factor that mitigates in favor of plaintiff's request.

For the above-mentioned reasons, the Court will grant plaintiff's motion. The Court is, however, concerned that plaintiff receive compensation only for time reasonably expended in pre-trial activity and that such leave be consistent with the standards set forth in EEO Management Directive No. 403. This includes reasonable time for attendance at depositions, meetings with counsel, other ordinary and legitimate pre-

---

1. Defendant contends that *Davis* is based not on Title VII but 5 U.S.C. § 6322, which provides that a government employee is entitled to leave without loss in pay when summoned to appear as a witness in a court proceeding. Defendant is in error. *Davis* clearly states that § 6322 "buttresses" the Court's holding, 496 F.Supp. at 565, but the holding itself is *based* on Title VII. *Id.* at 564.

trial undertakings that require the presence of the plaintiff, and attendance at trial.