936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
G. Kevin JONES, Plaintiff-Appellant,
v.
Manual LUJAN, Secretary of the Interior, Defendant-Appellee.
 No. 90-4173.
 United States Court of Appeals, Tenth Circuit.
 June 25, 1991.
 
 Before SEYMOUR, SETH and JOHN P. MOORE, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff G. Kevin Jones filed a Title VII complaint against his employer, the United States Department of the Interior, alleging handicap discrimination. While the suit was pending in the district court, the Department of the Interior Inspector General (the IG) initiated an investigation of alleged violations of department regulations by plaintiff.[1] The parties negotiated and entered into a stipulated settlement of the pending Title VII suit (the Settlement Agreement), and the district court accepted the settlement and dismissed the case. Rec. vol. I, doc. 108. The Settlement Agreement addressed the IG's investigation, which plaintiff alleged was initiated in retaliation for his discrimination suit.
 
 
 3
 Defendant subsequently filed a motion to amend or clarify the Settlement Agreement, contending that it could be interpreted to interfere with the IG's independent statutory authority to conduct its investigations, in violation of 5 U.S.C. app. 3, Sec. 3(a). Rec. vol. I, doc. 109. The district court denied the motion. Alleging that the IG was continuing its investigation, and that such ongoing investigation was a breach of the Settlement Agreement, plaintiff filed a motion for order enforcing the Settlement Agreement, for a permanent injunction, and for attorney's fees and costs. The district court denied plaintiff's motion. He appeals, seeking either enforcement of the Settlement Agreement or reinstatement of his complaint.
 
 
 4
 "We construe a settlement stipulation in the same manner as a contract to determine how it should be enforced." Republic Resources Corp. v. ISI Petroleum West Caddo Drilling Program 1981, 836 F.2d 462, 465 (10th Cir.1987). The interpretation and enforcement of a Title VII settlement agreement is governed by federal common law principles. Snider v. Circle K Corp., 923 F.2d 1404, 1407 (10th Cir.1991).
 
 
 5
 When a trial court looks to extrinsic evidence to determine the intent of the parties to a contract, we review that determination, as a question of fact, under a clearly erroneous standard. See EDO Corp. v. Beech Aircraft Corp., 911 F.2d 1447, 1455 n. 9 (10th Cir.1990). When the district court bases its interpretation solely on the contract language, however, our review is not so limited. See Valley Nat'l Bank v. Abdnor, 918 F.2d 128, 130 (10th Cir.1990).
 
 
 6
 On appeal, the central issue is whether the Settlement Agreement can be enforced so as to require the IG to cease its investigation of plaintiff. The district court concluded that it could not enforce the Settlement Agreement as plaintiff requested because the IG was not a party to the agreement and because the court had no jurisdiction over the IG. The Inspector General Act of 1978, 5 U.S.C. app. 3, precludes any agreement by defendant that limits or proscribes the IG's investigative powers. See 5 U.S.C. app. 3, Sec. 3(a);[2] United States v. Iannone, 610 F.2d 943, 947 & n. 2 (D.C.Cir.1979). As the defendant noted, the IG's independent investigative power is "a matter over which neither the parties nor this Court have any control." Rec. vol. I, doc. 144 at 22. Therefore, we agree with the district court's conclusion that it may not enforce the Settlement Agreement against the IG.
 
 
 7
 We next turn to plaintiff's alternative argument that his complaint should be reinstated. The district court found "that the parties intended to compromise, waive and lay to rest any and all disputes and claims against each other ... including those claims contemplated by the Inspector General's investigation." Rec. vol. I, doc. 161 at 3. That finding was based on the language of the Settlement Agreement. Id. For substantially the same reasons contained in its opinion dated September 19, 1990, we agree with the district court that the parties intended to effect a settlement which would dispose of any claims involving the IG's investigation of plaintiff, insofar as that investigation relates to plaintiff's employment up to the date of the Settlement Agreement.
 
 
 8
 Where the parties intended a result that was not in their power to accomplish, a settlement agreement may not be enforceable. See Gull Laboratories, Inc. v. Diagnostic Technology, Inc., 695 F.Supp. 1151, 1153 (D.Utah 1988). However, a party to a contract that is impossible to fully perform may nonetheless be held to that contract if he agreed to assume the risk of the impossibility. See generally 18 W. Jaeger, Williston on Contracts, Sec. 1972A (3d ed. 1978). There is some indication in this record that plaintiff was aware of the problem concerning the IG before the settlement agreement was executed. See, e.g., (Transcript of Hearing at 5).
 
 
 9
 Accordingly, we remand to the district court to determine whether plaintiff knowingly took the risk that the Settlement Agreement could not be enforced so as to prohibit the IG's investigation. If plaintiff did so, he is not entitled to have the Settlement Agreement set aside and to reinstate his complaint. Conversely, should the district court determine that plaintiff did not knowingly take that risk, he is entitled to have the Settlement Agreement set aside and to move for reinstatement of his original complaint. See, e.g., Stipelcovich v. Sand Dollar Marine, Inc., 805 F.2d 599, 604-07 (5th Cir.1986) (plaintiff moved for reinstatement of her complaint under Fed.R.Civ.P. 60(b)(6)).
 
 
 10
 Plaintiff also appeals the district court's denial of his request for attorney's fees and costs. In light of our conclusion that the Settlement Agreement may not be enforced against the Inspector General, we affirm the district court's denial of plaintiff's request for attorney's fees and costs associated with bringing this motion.
 
 
 11
 The judgment of the United States District Court for the District of Utah is AFFIRMED as to plaintiff's request for attorney's fees and costs, and the case is REVERSED and REMANDED to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Inspector General of the Department of the Interior has independent authority to investigate "the possible existence of an activity constituting a violation of law, rules, or regulations...." Inspector General Act of 1978, 5 U.S.C. app. 3, Secs. 7(a), 2(1)
 
 
 [2]
 Section 3(a) of the inspector General Act provides, in part:
 Neither the head of the establishment nor the officer next in rank below such head shall prevent or prohibit the Inspector General from initiating, carrying out, or completing any audit or investigation, or from issuing any subpoena during the course of any audit or investigation.