986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 G. Kevin JONES, Plaintiff-Appellant,
v.
Manuel LUJAN, Secretary of the Interior. Sub. Nom. Donald P.
Hodel, Defendant-Respondent.
 No. 92-4007.
 United States Court of Appeals, Tenth Circuit.
 Jan. 5, 1993.
 
 Before BALDOCK and PAUL KELLY, Jr., Circuit Judges, and CAUTHRON, District Judge..
 ORDER AND JUDGMENT*
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Plaintiff-appellant G. Kevin Jones appeals from the dismissal of his Title VII unlawful reprisal complaint and the denial of his motion for summary judgment. See 42 U.S.C. § 2000(e)(3). Our jurisdiction arises under 28 U.S.C. § 1291. We affirm in part, reverse in part and remand.
 
 Background
 
 2
 The facts are largely undisputed. Mr. Jones is an attorney employed by the Department of the Interior (DOI). In 1988, Mr. Jones brought a Title VII complaint of handicap discrimination against the DOI, alleging denial of a promotion and harassment by coworkers due to his suffering from Crohn's disease, an incurable bowel disease. A trial was scheduled for April 9-13, 1990. By letter dated March 26, Mr. Jones requested forty-eight hours of administrative leave, from April 6-13, so that he could participate in the preparation and conduct of his trial. The DOI denied Mr. Jones's request for leave in an April 4 letter. This letter arrived at Mr. Jones's Washington address after he had already left to participate in his trial. A trial was unnecessary, because the parties executed a Stipulation of Settlement and Dismissal on April 11, 1990, which the federal district court approved.
 
 
 3
 On April 24, 1990, the DOI filed a motion to amend or in the alternative to clarify the stipulation. On May 21, 1990, Mr. Jones filed a second complaint with two claims: (1) that the April 4 denial of the forty-eight hours of administrative leave constituted a post-settlement reprisal, and (2) requesting restoration of forty hours of sick leave, which Mr. Jones was forced to use to treat his stress-sensitive condition after being informed that the DOI intended to amend or clarify the settlement agreement. The district court held a hearing on the motion to amend or clarify on June 8, 1990. Mr. Jones requested sixteen hours of administrative leave to attend this hearing, which request was denied.
 
 
 4
 Mr. Jones filed a third complaint on October 10, 1990. The court held a hearing on Defendant's motion to dismiss and Mr. Jones's motion for summary judgment on November 1, 1991. The court granted the motion for dismissal and denied the motion for summary judgment.
 
 I. Administrative Leave for April 6-13
 
 5
 Although Defendant moved for dismissal of this claim under Fed.R.Civ.P. 12(b), both parties included matters outside the pleadings, so the motion is treated as a motion for summary judgment. See Wheeler v. Hurdman, 825 F.2d 257 (10th Cir.), cert. denied, 484 U.S. 986 (1987). We apply the same legal standard used by the district court in evaluating the summary judgment motion, namely Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate if "there is no genuine issue to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-52 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir.1991).
 
 
 6
 A movant need only point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If a movant establishes entitlement to his judgment as a matter of law given uncontroverted, operative facts contained in the documentary evidence, summary judgment will lie. See Anderson, 477 U.S. at 251.
 
 
 7
 The propriety of summary judgment in this case turns largely on applying the terms of the settlement agreement to various undisputed facts. Our review of the district court's interpretation of the settlement agreement is de novo. See Valley National Bank v. Abdnor, 918 F.2d 128, 130 (10th Cir.1990). The settlement agreement between the parties provided:
 
 
 8
 Upon its approval by the Court, this stipulation shall be treated as final, conclusive and binding upon the parties in all respects and for all purposes outlined herein. The parties shall be bound under this stipulation by the doctrines of res judicata and collateral estoppel with respect to all possible claims at issue in the proceeding, ... all plaintiff's other claims actual, potential or otherwise, pertaining to plaintiff's employment ... through the date of execution of this stipulation, and all defendant's claims, actual, potential or otherwise through the date of execution of this stipulation.
 
 
 9
 Aplt.App. at 15-16.
 
 
 10
 Prior to filing this action, counsel for Mr. Jones characterized the settlement agreement before the district court as "... to let bygones be bygones. Mr. Jones gives up his Title VII, his reprisal claims and anything else up to the date of that settlement in exchange for the Department agreeing not to take any action against him." Aplee.Br. ex. 1 at 12.
 
 
 11
 Mr. Jones requested the forty-eight hours of April administrative leave on March 26, 1990, two weeks prior to entering into the settlement agreement. Mr. Jones did not receive notice that his request had been denied until after he had entered into the settlement agreement. However, he was certainly aware that his request might be denied, and any claim regarding the denial of the administrative leave for this period must be considered a potential claim for the purposes of the settlement agreement. See Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1335-36 (10th Cir.1988).
 
 II. Administrative Leave for April 16-20
 
 12
 Mr. Jones also claims that he should have been granted forty hours of administrative leave in lieu of sick leave after being informed of the DOI's intention to seek to clarify or amend the settlement agreement. Title VII does not provide for remedies for compensatory damages for emotional distress. Allen v. Denver Pub. Sch. Bd., 928 F.2d 978, 985 (10th Cir.1991). As described by Mr. Jones, he was forced to take forty hours of leave since Defendant's decision to seek clarification of the agreement was so "upsetting" and "shocking" that it exacerbated his medical condition. Aplt.Br. at 9; Aplt.App. at 29. Such an injury is indistinguishable from emotional distress, see Snider v. Circle K Corp., 923 F.2d 1404, 1409 (10th Cir.1991) (stress-related health condition considered part of emotional distress claim), and we find Mr. Jones's claim to be barred as a matter of law. Although the district court relied upon different grounds in granting the motion for summary judgment, we may affirm on any proper grounds which the record supports. Cheyenne-Arapaho Tribes v. United States, 966 F.2d 583, 587 (10th Cir.), petition for cert. filed, 61 U.S.L.W. 3446 (Dec. 7, 1992) (No. 92-970).
 
 III. Administrative Leave for June 7-8
 
 13
 The district court concluded that the claim for sixteen hours of administrative leave in June was so closely related to the original settlement agreement as to be barred by res judicata. Defining the precise contours of which sets of events constitute one transaction for the purposes of res judicata has proven elusive. Petromanagement, 835 F.2d at 1335. The determination of which claims are precluded by a settlement or judgment is to be made on a fact-specific, pragmatic basis, balancing the interests of the defendant and the courts in bringing litigation to a close against the interest of the plaintiff in the vindication of a just claim. Id. Here, the claim for June administrative leave did not exist when the parties executed the settlement agreement. The agreement precluded only those potential claims "through the date of execution of this stipulation." Although it may have been foreseeable to Mr. Jones that the DOI might petition for clarification or amendment of the agreement, we can not find such a potentiality substantial enough to be considered part of the initial transaction thus warranting summary judgment.
 
 
 14
 Without in any way suggesting which party is right or wrong in this controversy, we commend the district judge for his patience and strongly suggest that, given the scarcity of judicial resources, the parties should carefully consider the necessity of continued litigation.
 
 
 15
 We therefore AFFIRM the district court's judgment dismissing the April 6-13 and April 16-30 reprisal claims, but REVERSE the judgment dismissing the June 7-8 reprisal claim. The case is REMANDED for further proceedings consistent with this order and judgment.
 
 
 16
 The Honorable Robin J. Cauthron, United States District Judge for the Western District of Oklahoma, sitting by designation.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3