ORDER GRANTING THE DEFENDANT THE IAMS COMPANY’S MOTION TO CHANGE VENUE TO THE SOUTH­ERN DISTRICT OF OHIO
SAM, District Judge.
This matter came before the court on mo­tion of the defendant The lams Company (“lams”) to transfer venue to the United States District Court for the Southern Dis­trict of Ohio, Western Division. For reasons discussed more fully below, the motion is granted.

I. BACKGROUND

The plaintiff, Pendleton Enterprises, Inc. (“Pendleton”), is a former distributor of lams’ pet food and products in Salt Lake City and Denver. Pendleton brought this action against lams and two other distribu­tors of lams’ products, Paramount Distribu­tors, Inc. (“Paramount”) and Wholesale Pet Food and Supply, Inc. (“Wholesale”). The complaint has nine counts, alleging: (1) viola­tion of § 2 of the Clayton Act; (2) violation of § 3 of the Clayton Act; (3) fraudulent mis­representation and deceit; (4) conspiracy to refuse to deal with the plaintiff, in violation of § 1 of the Sherman Act; (5) tortious inter­ference with prospective contractual relation­ships; (6) resale price maintenance, in viola­tion of § 1 of the Sherman Act; (7) breach of an oral agreement; (8) violation of the Colo­rado Deceptive Trade Practices Act; and (9) a claim for declaratory judgment that lams cannot collect on a trade account payable in the sum of $21,934.38 because the parties’ contracts violate the Utah and Idaho Unfair Practices Acts.
lams has moved, pursuant to 28 U.S.C. § 1404(a), to change venue of this action to the Southern District of Ohio, Western Divi­sion (Dayton), for the convenience of the parties and witnesses and in the interest of justice. lams also points to a forum selection clause in the two distributorship agreements between lams and Pendleton, which pro­vides:
The parties further agree that any action, suit in equity, arbitration proceeding or judicial proceeding for the enforcement of this Agreement or any provision hereof shall be instituted in the State of Ohio, more particularly ... in the United States District Court, Southern District of Ohio, Western Division.
(Section 13 of Distributorship Agreements, Exs. 1 & 2 to Memorandum in Support of The lams Company’ Motion to Transfer Ven­ue.)
Pendleton maintains that the forum selec­tion clause does not apply because: (1) the clause is permissive, not mandatory; (2) the clause does not apply to statutory claims for antitrust and other violations, but only to actions to enforce the two distributorship agreements; and (3) the clause does not ap­ply to the defendant Paramount, who was not a party to these distributorship agreements.
Pendleton’s third argument is not convinc­ing because Paramount does not object to lams’ motion to change venue. (The other defendant, Wholesale, has been dismissed from the suit.) The first two arguments are discussed below.

II. DISCUSSION

A motion to change venue under § 1404(a) “calls on the district court to weigh in the balance a number of case-specific factors.” Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). “The presence of a fo­rum-selection clause ... will be a significant factor that figures centrally in the district court’s calculus.” Id. (emphasis added). Indeed, “the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors.” In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir.1989).

A. Whether the forum selection clause is mandatory or permissive

A number of courts have held that where a forum selection clause only specifies jurisdic­tion, without further limiting language to indicate the parties’ intent to make that jur­isdiction exclusive, the clause is not mandato­ry. E.g., Hunt Wesson Foods, Inc. v. Su­preme Oil Co., 817 F.2d 75 (9th Cir.1987) (“courts of California, county of Orange, shall have jurisdiction over the parties in any ac­tion at law relating to the subject matter or *1505 the interpretation of this contract” held per­missive); Citro Florida, Inc. v. Citrovale, SA, 760 F.2d 1281 (11th Cir.1985) (“Place of jurisdiction is Sao Paulo/Brazil” held permis­sive); Caldas & Sons, Inc. v. Willingham, 791 F.Supp. 614 (N.D.Miss.1992) (“The laws and courts of Zurich are applicable” held permissive).
On the other hand, where the clause refers to venue, specification of a forum is sufficient to make the clause mandatory. Milk ‘n’ More v. Beavert, 963 F.2d 1342, 1345-46 (10th Cir.1992) (“venue shall be proper under this agreement in Johnson County, Kansas” held mandatory); Full-­Sight Contact Lens Corp. v. Soft Lenses, Inc., 466 F.Supp. 71 (S.D.N.Y.1978) (“any suit brought by Distributor shall be brought in either San Diego or Los Angeles County” held mandatory). Cf. Utah Pizza Serv., Inc. v. Heigel, 784 F.Supp. 835, 838 (D.Utah 1992) (“Franchise Owner stipulates that the courts of the State of Michigan shall have personal jurisdiction over its person, that it shall sub­mit to such personal jurisdiction, and that venue is proper in Michigan” held permissive and ambiguous).
The clause in these two distributor­ship agreements specifies a forum for venue (“any action ... shall be instituted in the State of Ohio, more particularly ... in the United States District Court, Southern Dis­trict of Ohio, Western Division”) and is therefore mandatory.

B. Scope of the forum selection clause

The forum selection clause does not apply to all claims between the parties, but it does apply to “any action ... for the enforcement of this [distributorship] Agreement or any provision hereof’ (emphasis added). The clause does not necessarily apply to statutory antitrust or unfair practices claims; however, Pendleton also raises several contract or qua­si-eontractual claims.
Count seven alleges breach of an oral agreement “to enter into consecutive one year contracts as long as Pendleton made certain capital expenditures and met IAMS sales requirements.” (Complaint at 12.) The complaint does not indicate when this oral agreement was made, but such an oral agreement appears to violate the following provisions in the distributorship agreements:
This Agreement together with the Compa­ny’s standard terms and conditions of sale represent the entire Agreement between the parties ...
(§ 13, Distributorship Agreements).
THIS AGREEMENT SUPERSEDES ALL PRIOR, EXISTING, AND CON­TEMPORANEOUS AGREEMENTS, WHETHER WRITTEN OR ORAL, BE­TWEEN THE PARTIES HERETO RE­LATING TO THE DISTRIBUTION OR SALE OF THE COMPANY’S PROD­UCTS.
(§ 16, Id.).
Where enforcement of a provision of the distributorship agreements is clearly a de­fense to a claim, that claim should be consid­ered to fall within the scope of a forum-­selection clause that applies to any action to enforce the provisions of the agreements. Otherwise, the intent of the clause might be defeated simply by winning a race to court.
Count nine seeks a declaratory judg­ment that lams cannot collect on a trade account payable under the parties’ “con­tracts”—apparently the distributorship agreements, although this is not clear from Pendleton’s complaint. lams points out that count nine “seeks to void the distributorship agreements and thereby void a monetary obligation to lams that arises under the agreements.” (Defendant The lams Compa­ny’s Reply Memorandum, at 6.) Not only would enforcement of the distributorship agreements be a defense to count nine, but count nine is the mirror image of lams’ first claim for relief in the complaint it filed in the Southern District of Ohio, an “Action on Ac­count for Amounts Owed to lams” under the distributorship agreements. (Ex. A to Mem­orandum in Support of The lams Company’s Motion to Transfer Venue.)
Accordingly, the court finds that counts seven and nine are within the scope of the forum-selection clause of the distributorship agreements.

*1506
C. Convenience of parties and witnesses

lams’ principal place of business is in Dayton, Ohio. The affidavit of attorney D. Jeffrey Ireland, submitted in support of the motion, shows in considerable detail that most of the company’s records and witnesses are found in Dayton. (Ex. B. to Memoran­dum in Support of The lams Company’s Mo­tion to Transfer Venue.)
Mr. Ireland compares this case to a case involving claims by other distributors, In re: the Iams Company Litigation, No. C3-93-­346 (S.D.Ohio) (the “American Superior ease”). He explains that, after Pendleton filed its claims in this action, lams filed a complaint against Pendleton in the Southern District of Ohio. The Ohio ease is assigned to Judge Walter H. Rice, the same judge who presided over the American Superior case. (Ex. A to Memorandum in Support of the lams Company’s Motion to Transfer Venue.)
Pendleton, an Idaho corporation, submit­ted three affidavits in support of its response that Utah is the more convenient forum. Attorney Stephen Colbert states in his affi­davit that this case involves vertical price fixing between a manufacturer and its dis­tributors in a regional market, whereas the American Superior case involved horizontal restraints and a national market area.
Nevertheless, the court is convinced that Pendleton’s antitrust claims would focus on lams’ records and witnesses, most of which are found in Dayton.

D. Interests of justice

Pendleton argues that transferring the case to Ohio would not be in the interests of justice because lams is trying to get the case before a court allegedly perceived as more favorable to lams. However, Pendleton’s ac­cusations of “forum-shopping” are not only unsupported but they also ignore the fact that the Southern District of Ohio, Western Division, is the parties’ agreed-upon forum for actions in which one of the parties seeks to enforce the terms of their agreements.
The fact that counts seven and nine of Pendleton’s complaint are within the scope of the parties’ mandatory, forum-selection clause is a “significant factor” in favor of transferring the ease to Ohio. Although the court could transfer counts seven and nine, and retain the other counts here, the court believes that judicial economy would best be served by transferring the entire case. Moreover, as noted above, the antitrust claims would focus on records and witnesses that are found in Dayton, Ohio.

CONCLUSION

Accordingly, the defendant lams’ motion to change venue to the Southern District of Ohio, Western Division, is granted.
IT IS SO ORDERED.