MEMORANDUM DECISION
SAM, District Judge.
This matter is before the Court on the parties’ cross-motions for summary judg­ment. The Court has received and reviewed *1501 the parties’ briefs. A hearing on this matter was held February 8, 1994 at 1:00 p.m. Plaintiff was represented by Stephen W. Cook, Esq. Michael E. Hegarty, Esq., Spe­cial Assistant U.S. Attorney for the District of Utah, appeared on behalf of defendant Babbitt, Secretary, United States Depart­ment of Interior. The Court has given thoughtful and extensive consideration to the arguments set forth in the parties’ memoran-­da and offered at the hearing and concludes that summary judgment in favor of the De­partment of Interior is appropriate.
I. BRIEF FACTUAL SUMMARY
Plaintiff is an attorney-advisor in the Re­gional Solicitor's Office of the Office of the Solicitor, United States Department of Inte­rior, in Salt Lake City, Utah. On May 6, 1988, plaintiff commenced Civil Action No. 88-C-0405S in this District, in which plaintiff alleged violations of the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964 against the Department of Interior. On the eve of trial, the parties executed their Stipulation of Settlement and Dismissal with Prejudice, which the Court entered as its final Order on April 11, 1990. At the time of settlement, plaintiff was serving a one-year Judicial Fellowship in Washington, D.C., but remained, for personnel purposes, an em­ployee of the Department of Interior. He had traveled to Utah for the trial of his discrimination lawsuit and remained here through the execution of the settlement agreement.
Prior to his departure from Washington, D.C. to attend the trial, on March 26, 1990, plaintiff requested administrative leave for time to be spent at trial (which turned out to be six days). On April 4, 1990, defendant denied this request, citing an internal De­partment of Interior policy which grants ad­ministrative leave retroactively for federal district court cases if the employee prevails in his Title VII claim. This denial arrived at plaintiffs address in Washington, D.C. after his departure.
On April 24,1990, defendant filed a motion to amend or clarify the settlement agree­ment. Defendant sought a ruling from this Court that the agreement could not be con­strued to restrict the Office of Inspector General of the Department of Interior, which was investigating plaintiff. Plaintiff alleged that this motion adversely affected his physi­cal health, a result of which plaintiff request­ed five days administrative leave. Defendant denied this leave on the basis of its stated policy.
On June 8, 1990, a hearing was held on defendant’s motion.[1] Plaintiff requested two days administrative leave and per diem to travel from Washington, D.C. to prepare for and attend the hearing, which defendant again denied. Plaintiff thereafter filed this action for retaliation based on the denial of 13 days of administrative leave. The matter presently before the Court concerns the two days leave for the June 8, 1990 hearing.[2]
II. LEGAL ANALYSIS
A. Fed.R.Civ.P. 56 Standards for Sum­mary Judgment
Under Fed.R.Civ.P. 56, summary judg­ment is proper only when the pleadings, affi­davits, depositions or admissions establish there is no genuine issue regarding any ma­terial fact and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[3] E.g., Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden has two distinct components: an ini­tial burden of production on the moving par­ty, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party. See 10A C. Wright, A. Miller *1502 & M. Kane, Federal Practice and Procedure § 2727 (2d ed. 1988).
When summary judgment is sought, the movant bears the initial responsibility of in­forming the court of the basis for his motion and identifying those portions of the record and affidavits, if any, he believes demon­strate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S.Ct. at 2552. In a case where a party moves for summary judgment on an issue on which he would not bear the burden of per­suasion at trial, his initial burden of produc­tion may be satisfied by showing the court there is an absence of evidence in the record to support the nonmovant’s case. Id., 477 U.S. at 323, 106 S.Ct. at 2552. “[Tjhere can be no issue as to any material fact ... [when] a complete failure of proof concerning an essential element of the nonmoving party’s case necessarily renders all other facts im­material.” Id.
Once the moving party has met this initial burden of production, the burden shifts to the nonmoving party to designate “specific facts showing that there is a genuine issue for trial.” Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324, 106 S.Ct. at 2553.
If the defendant in a run-of-the-mill civil case moves for summary judgment ... based on the lack of proof of a material fact, the judge must ask himself not wheth­er he thinks the evidence unmistakenly favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evi­dence in support of the plaintiffs position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge’s inquiry, there­fore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict....
Liberty Lobby, 477 U.S. at 252, 106 S.Ct. at 2512. The central inquiry is “whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.” Id. If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. Id.,Id., 477 U.S. 242, 106 S.Ct. 2505.
B. Application of Summary Judgment Standards to this Case
The Court is of the opinion that the June 8, 1990 hearing was not a Title VII hearing. The subject of that hearing, over which this Court presided, was defendant’s motion to amend or clarify the parties’ settle­ment agreement. All Title VII claims had been settled and an Order had been entered by this Court dismissing the case. The June 8 hearing, pursuant to defendant’s motion, simply concerned alleged issues of interpre­tation under the settlement agreement. This Court subsequently denied defendant’s mo­tion.
Because this was not a Title VII hearing, there is no basis for plaintiff’s assertion that he was entitled to administrative leave and travel expenses and, therefore, no grounds for his claim of unlawful reprisal in being denied 16 hours of administrative leave to attend the June 8, 1990 hearing.
Even if the June 8, 1990 hearing could be construed as within the confines of Title VU’s remedial scheme, the result in the Court’s view would remain the same. Under the McDonnell Douglas evidentiary scheme, assuming that plaintiff can establish a prima facie case, which defendant concedes for pur­poses of these motions, defendant has articu­lated and documented a legitimate nondis­criminatory reason for denying plaintiff 16 hours of administrative leave. In the Court’s opinion, plaintiff has failed in his shifted bur­den to designate specific facts from which reasonable jurors could find that defendant’s reason for denying plaintiff administrative leave was pretextual.[4] See also Purrington v. University of Utah, 996 F.2d 1025 (10th Cir.1993) (ultimate burden of plaintiff for re­ *1503 taliation claim, even on summary judgment, is intentional discrimination).
Finally, the Court finds no merit in plain­tiffs claim that, even under defendant’s leave policy, he was the prevailing party at the June 8, 1990 hearing and, therefore, entitled to administrative leave.
Accordingly, defendant is entitled to sum­mary judgment as a matter of law. Defen­dant’s motion for summary judgment is granted, and plaintiffs motion for summary judgment is denied.
So ordered.

. On appeal of this issue, the Tenth Circuit held that the settlement agreement could not interfere with the Inspector General ⅛ investigation. Jones v. Lujan, No. 90-4173, slip op. at 4, 1991 WL 114635 (10th Cir. June 25, 1991).

. This Court originally dismissed plaintiff's law­suit in its entirety. The Tenth Circuit affirmed as to the first and second claims for administrative leave, and reversed and remanded the third claim, concerning 16 hours of leave for the June 8, 1990 hearing. Jones v. Lujan, No. 92-4007, slip op., 1993 WL 5948 (10th Cir. Jan. 5, 1993).

.Whether a fact is material is determined by looking to relevant substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

. "A pretext, in employment law, is a reason that the employer offers for the action claimed to be discriminatory and that the court disbelieves, allowing an inference that the employer is trying to conceal a discriminatory reason for [its] ac­tion.” Visser v. Packer Eng’g Assoc., Inc., 924 F.2d 655, 657 (7th Cir.1991), quoted in Jones v. Unisys Corp., 829 F.Supp. 1281, 1285 (D.Utah 1993).