G. Kevin JONES, Plaintiff–Appellant,

v.

**Bruce BABBITT, Secretary of the Interior, Defendant–Appellee.**

No. 94–4141.

United States Court of Appeals, Tenth Circuit.

Feb. 22, 1995.

Publication Ordered April 7, 1995.

G. Kevin Jones, pro se.

Scott M. Matheson, Jr., U.S. Atty., Salt Lake City, UT, and Michael E. Hegarty, Sp. Asst. U.S. Atty., D. Utah, Denver, CO, for defendant-appellee.

Before MOORE, BARRETT and EBEL, Circuit Judges.

EBEL, Circuit Judge.

Plaintiff, an employee of the Department of the Interior (DOI), appeals the district court's decision granting defendant's motion for summary judgment on plaintiff's claim of reprisal.[1] *See Jones v. Babbitt*, 851 F.Supp. 1500 (D.Utah 1994). Plaintiff argues that as a federal employee he was entitled to administrative leave and per diem travel expenses to assist his counsel in pre-hearing preparation and to attend a Title VII hearing. We disagree, and therefore affirm the district court's granting of summary judgment.

The events underlying this action began in 1988 when plaintiff commenced a Title VII handicap discrimination action against defendant.[2] A trial was scheduled, and plaintiff requested forty-eight hours of administrative leave to prepare for and attend the trial. The request was denied based on agency policy providing for retroactive administrative leave and restoration of annual leave only if plaintiff prevailed in the litigation. Prior to trial, but before plaintiff received notice of the denial of administrative leave, the parties settled. The district court approved the settlement and dismissed the action.

Thereafter, defendant filed a motion to amend or in the alternative for clarification of the settlement agreement, asserting that the settlement could be interpreted to interfere with the independent statutory authority of the Inspector General (IG) of the DOI to conduct investigations, 5 U.S.C.App. 3, § 3(a). Contending that the motion to amend or for clarification of the settlement caused him illness, plaintiff sought an additional forty hours of administrative leave in lieu of sick leave, which also was denied based on the same DOI policy. The district court held a hearing on the motion to amend on June 8, 1990. Plaintiff requested sixteen more hours of administrative leave to prepare for and attend that hearing, as well as

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. All proceedings were against the named Secretary of the Interior; thus, all of the Secretaries from 1988 to present will be referred to as defendant.

per diem expenses for travel from Washington, D.C. to Salt Lake City. Again, the request was denied pursuant to the same DOI policy, and plaintiff was required to use annual leave and pay his travel expenses. After the hearing, the district court denied the motion to amend.[3]

Thereafter, plaintiff commenced an action in district court alleging that his requests for leave were not settled and that the denial of leave constituted unlawful reprisal in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 793–794, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17. The district court granted defendant's motion to dismiss, holding that the settlement barred the reprisal claims. On appeal, this court held in part that the settlement agreement did not release a claim of retaliation arising after the settlement. *Jones v. Lujan,* 986 F.2d 1427, 1993 WL 5948, at **3 (10th Cir.1993) (table). Accordingly, the issue concerning the sixteen hours of administrative leave was remanded to the district court. *Id.*

On remand, the district court granted defendant's request for summary judgment. *See Jones v. Babbitt,* 851 F.Supp. 1500 (D.Utah 1994). The court concluded that plaintiff was not entitled to administrative leave for three separate reasons: (1) the hearing was not a Title VII hearing; (2) even if the hearing was a Title VII hearing, plaintiff failed to prove that defendant's facially nondiscriminatory reason for denying leave was pretextual; and (3) under the DOI leave policy, plaintiff was not the prevailing party at the hearing. *Id.* at 1502–03. On appeal, plaintiff argues that Title VII entitles him to administrative leave and per diem expenses, and therefore the district court erred in granting summary judgment for defendant.

█ We review the grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c). *James v. Sears, Roe-*

buck & Co., 21 F.3d 989, 997–98 (10th Cir. 1994). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.'" *Hagelin for President Comm. v. Graves,* 25 F.3d 956, 959 (10th Cir.1994) (quoting Rule 56(c)), *cert. denied,* —— U.S. ——, 115 S.Ct. 934, 130 L.Ed.2d 880 (1995). "In applying this standard, we construe the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Blue Circle Cement, Inc. v. Board of County Comm'rs,* 27 F.3d 1499, 1503 (10th Cir.1994).

Plaintiff argues that the district court erred in holding that defendant presented a facially nondiscriminatory reason for denying plaintiff administrative leave and per diem travel expenses to assist his attorney and attend the hearing, and in holding that plaintiff had failed to present evidence that the reason given was pretextual. We disagree.

█ After defendant conceded that plaintiff set forth a prima facie case of reprisal, defendant then had the burden of showing a facially nondiscriminatory reason for denying administrative leave. *St. Mary's Honor Ctr. v. Hicks,* —— U.S. ——, ——, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993); *EEOC v. Flasher Co.,* 986 F.2d 1312, 1316, 1317–18 (10th Cir.1992). Defendant's facially nondiscriminatory reason was that the DOI's policy permitted administrative leave only retroactively for successful employee litigants. Because defendant met his burden, plaintiff then was required to show that defendant's reason was merely a pretext for unlawful reprisal and that defendant intentionally discriminated against plaintiff because of his claim. *St. Mary's Honor Ctr.,* —— U.S. at —— ——, ——, ——, 113 S.Ct. at 2747–48, 2749, 2752. Plaintiff maintains that he was the prevailing party at the June 8, 1990 hearing and that he, therefore, was entitled to leave pursuant to DOI policy. Plaintiff argues that defendant's reimburse-

---

**3.** Plaintiff then sought, among other things, to enforce the settlement agreement, claiming the IG's continuing investigation was a breach of the settlement agreement. The district court denied the motion, determining it had no jurisdiction over the IG and the IG was not a party to the

agreement. This court agreed with the district court's conclusion that the settlement agreement may not be enforced against the IG. *Jones v. Lujan,* 936 F.2d 583, 1991 WL 114635, at **1 (10th Cir.1991) (table).

ment policy was shown to be pretextual when he was not provided administrative leave under the circumstances. However, plaintiff was not the prevailing party. Although the district court denied defendant's motion to amend and did not change the terms of the settlement, the settlement agreement could not and did not restrict the IG's authority criminally to investigate plaintiff. Furthermore, the settlement agreement provided that plaintiff was the prevailing party only for attorney's fees and costs. Thus, failure to give the administrative leave was not pretext for unlawful reprisal.

■ Plaintiff next argues that Title VII entitles him to administrative leave and per diem travel expenses related to the hearing.[4] Plaintiff contends the denial of leave and expenses violates 42 U.S.C. § 2000e–2(a), concerning discriminatory terms or conditions of employment, and § 2000e–3(a), concerning reprisal. We disagree.

Title VII does not expressly permit administrative leave or per diem expenses for this kind of court proceeding. The regulations implementing Title VII do provide entitlement to administrative leave to pursue administrative remedies. 29 C.F.R. § 1613.214(b)(2). The regulation, however, does not provide for leave for court litigation.

In *Mitchell v. Baldrige*, 662 F.Supp. 907 (D.D.C.1987), the court extended the regulation to permit administrative leave for pre-trial preparation. Recognizing there was no express provision for such an extension, the court nonetheless believed the policy behind Title VII required the extension. *Id.* at 908–09 (citing *Davis v. Bolger*, 496 F.Supp. 559 (D.D.C.1980)). In addition, the court rea-

soned that although the plaintiff in *Mitchell* was not a true prevailing party, he was not an "untested litigant," because the appellate court had remanded after determining the plaintiff had made a prima facie case of Title VII discrimination and perhaps could show pretext. *Id.* at 909.

We disagree with *Mitchell.* There is no express provision in Title VII or its regulations permitting administrative leave or per diem expenses for judicial proceedings. We decline to read such into Title VII or its regulations. If a plaintiff prevails on the merits, he or she would potentially be entitled to recovery of reasonable pre-trial and trial expenses, including compensation for leave that might have been required in connection with the trial. *Id.; Kyles v. Secretary of Agric.,* 604 F.Supp. 426, 437 n. 21 (D.D.C.1985); *Laffey v. Northwest Airlines, Inc.,* 572 F.Supp. 354, 385–86 (D.D.C.1983), *aff'd in part and remanded in part on other grounds,* 746 F.2d 4, 30 (D.C.Cir.1984), *cert. denied,* 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985). Thus, a federal employee who is successful in his or her litigation is not without remedy.[5]

Because we agree with the district court's conclusion that plaintiff is not entitled to administrative leave and per diem expenses, we need not address his argument that the district court erred in holding the June 8, 1990 hearing was not a Title VII hearing. *See Griffin v. Davies,* 929 F.2d 550, 554 (10th Cir.) (refusing to decide issues not affecting outcome of appeal), *cert. denied,* 502 U.S. 878, 112 S.Ct. 223, 116 L.Ed.2d 180 (1991).[6]

The judgment of the United States District Court for the District of Utah is AF-

---

4. The district court did not reach this issue. "We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *United States v. Sandoval,* 29 F.3d 537, 542 n. 6 (10th Cir.1994) (quotations omitted).

5. Even if we agreed with the result in *Mitchell, Mitchell* is factually distinguishable from the case at bar. Plaintiff is an "untested litigant." On remand, this court gave no indication plaintiff was to be considered a prevailing party. *See Jones v. Lujan,* 1993 WL 5948, at **3 (without suggesting which party was correct, court re-

manded on ground settlement agreement did not include sixteen hours of administrative leave).

6. Plaintiff also argues that the district court erred in permitting defendant to prepare a memorandum decision for the court rather than an order as permitted by Utah Rule 206. Plaintiff's claim is without merit. The district court properly allowed defendant to draft the memorandum decision. *See Hernandez v. George,* 793 F.2d 264, 266–67 (10th Cir.1986). Additionally, plaintiff's argument that the district court erred in failing to award him attorney's fees and costs is without merit.

FIRMED. Plaintiff's renewed request for oral argument and his request for attorney's fees and costs on appeal are DENIED. The mandate shall issue forthwith.