**MILK 'N' MORE, INC., a corporation, Plaintiff–Appellee,**

v.

**Jack D. BEAVERT, Defendant–Appellant.**

No. 88–2746.

United States Court of Appeals, Tenth Circuit.

May 8, 1992.

Gregory M. Hopkins of Hopkins & Erwin, P.A., Little Rock, Ark., for defendant-appellant.

Thaine Q. Blumer and Rik N. Siro of Blumer & Nally, Kansas City, Mo., for plaintiff-appellee.

Before HOLLOWAY and McWILLIAMS, Circuit Judges, and BABCOCK, District Judge.*

HOLLOWAY, Circuit Judge

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant-appellant Jack D. Beavert (Beavert) appeals an order remanding this breach of contract action to a Kansas state court. The order was based on the court's view that the remand was required by an enforceable forum selection clause in the agreement. We agree and affirm.

I

Under the 1986 written contract, Beavert agreed to lease, with an option to purchase, some convenience stores from plaintiff-appellee Milk 'N' More, Inc. (Milk 'N' More), in southwestern Arkansas. A clause in the agreement provided that:

> The parties herein have mutually agreed that said lease and the purchase option agreement contained herein, where applicable, shall be governed by the laws of the State of Kansas and the parties further agree that *venue shall be proper under this agreement in Johnson County, Kansas.*

I R. Doc. 1, Ex. A at 7 (emphasis added).

The instant suit was commenced by Milk 'N' More in the state District Court of Johnson County, Kansas. Following removal by Beavert, the district court was confronted with a motion by Beavert to transfer the suit to the United States District Court for the Western District of Arkansas, or alternatively to stay the proceedings until completion of litigation pend-

---

* The Honorable Lewis T. Babcock, United States District Judge for the District of Colorado, sit-

ting by designation.

ing in Arkansas. About a month later, Milk 'N' More filed a motion for the federal court in Kansas to remand the case to the state District Court of Johnson County, Kansas, arguing that Milk 'N' More was entitled to such remand under the clause quoted above. Milk 'N' More maintains that the clause is a valid and enforceable forum selection clause.

The federal district court granted the motion to remand on the ground that the contractual agreement contained an enforceable forum selection clause, relying on the principle that forum selection clauses are "prima facie valid and should be enforced" unless shown to be unreasonable. *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972); *see* I R. Doc. 20, at 1. Concluding that the provision was intended to benefit Milk 'N' More, the district court reasoned that forum selection clauses "should be enforced when invoked by the party for whose benefit they are intended." *Furry v. First Nat'l Monetary Corp.*, 602 F.Supp. 6, 9 (W.D.Okla.1984); *see* I R. Doc. 20, at 2. The district court said that Beavert's motion to transfer or stay was moot in view of its decision to grant the motion to remand, and accordingly the motion to transfer or stay was denied. I R. Doc. 20, at 3.

On appeal, Beavert contends that the district judge erred in construing the clause as a mandatory agreement between the parties to resolve any disputes under the contract exclusively in the state court in Johnson County, Kansas; he says instead that the clause should have been construed as merely a permissive designation on venue. Beavert also contends that the district judge failed to properly consider his motion to transfer or stay the action.

## II

While the parties have not suggested any doubt concerning our appellate jurisdiction, we have considered, and feel it proper to discuss, two questions: (1) whether the remand order could not be reviewed on appeal due to the prohibitions of 28 U.S.C. § 1447(d); and (2) whether the remand order in question was appealable as a final decision or under an exception to the final judgment rule. For reasons that follow, we are satisfied that we properly have appellate jurisdiction here.

■ The removal statute in force when the remand order in question was entered obligated a federal district court to remand to state court an action that "was removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c), *amended by* Pub.L. No. 100–702, tit. X, § 1016(c), 102 Stat. 4670 (1988). A district court's order remanding a case on such statutory grounds is not reviewable. 28 U.S.C. § 1447(d); *Midland Mortgage Co. v. Winner*, 532 F.2d 1342, 1344 (10th Cir.1976); *see also Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976). In the instant case it is clear that the district judge remanded the case after concluding that the removal was contrary to the contractual forum selection clause. The judge granted the motion to remand in order to enforce the clause, not on the basis of one of the grounds specified in former § 1447(c). Accordingly, the remand order is appealable. *See Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 276–77 (9th Cir.1984) (holding a remand to enforce a forum selection clause was not based on a ground specified in § 1447(c)); *see also Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 658 (2d Cir.1988); *Regis Assocs. v. Rank Hotels (Management) Ltd.*, 894 F.2d 193, 194–95 (6th Cir.1990). Hence, review of the remand order in question is not barred by the statute.

■ With respect to whether the instant remand order is appealable as a final decision or under an exception to the final judgment rule, we are persuaded by the analysis in *Pelleport*, 741 F.2d at 277–78, that orders of remand enforcing forum selection clauses are appealable under the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). To come within that doctrine, a nonfinal order "must conclusively determine the disputed question, resolve an im-

portant issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978); *see also, e.g., Tri–State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1351 (10th Cir.1989) (following collateral order doctrine). Accordingly, we agree with the Ninth Circuit's view that such orders of remand enforcing forum selection clauses satisfy all three criteria of the doctrine. *See Pelleport*, 741 F.2d at 278.

We are mindful of *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989), which held unappealable an interlocutory order denying a motion to dismiss a federal suit where a forum selection clause was alleged to confer a right to litigate in the Italian courts. The Supreme Court held that the order was not appealable under the collateral order doctrine of *Cohen* since it failed to satisfy the third prong of the collateral order test— that the order "be effectively unreviewable on appeal from a final judgment." *Id.* at 498, 109 S.Ct. at 1978 (quoting *Coopers & Lybrand*, 437 U.S. at 468, 98 S.Ct. at 2458) (quotations marks omitted).

We remain convinced that the instant remand order meets the collateral doctrine requirements including the third prong of its test. "The order is otherwise unreviewable, because it puts the parties out of federal court, and the district court's decision would be res judicata in the state court." *Pelleport*, 741 F.2d at 278 (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 & n. 10, 103 S.Ct. 927, 934 & n. 10, 74 L.Ed.2d 765 (1983)). The same adverse effect would face Beavert here if the ruling on the construction of the forum selection clause and the rejection of his case from federal court were unreviewable on this appeal. Thus, we are persuaded that the remand order in question here is appealable under *Cohen*, giving full consideration to *Lauro Lines*.

In sum, we hold that appellate jurisdiction is proper here.

### III

Beavert contends that the district court erroneously construed the contract language as an agreement making Johnson County, Kansas, the exclusive forum in which the parties could resolve disputes that arose under the agreement. Beavert reads the language as a "permissive" rather than a "mandatory" forum selection clause that made Johnson County a proper venue, though not the exclusive venue. Milk 'N' More has argued in response that the district judge did not abuse his discretion in finding the forum selection clause valid and enforceable, and in remanding the case to the contractually selected forum.

Under their differing views on this central issue, the parties have proposed different standards of review. Beavert urges us to view the question as one of contract interpretation, calling for *de novo* review. Milk 'N' More asserts that the remand order should be tested under an abuse of discretion standard.

■ We agree with Beavert that our review is basically one of contract interpretation, requiring *de novo* consideration. We apply the *de novo* standard since without contractual ambiguities, "a trial court's interpretation of [a] contract presents an issue of law which is reviewed *de novo* on appeal." *Nunn v. Chemical Waste Management, Inc.*, 856 F.2d 1464, 1467 (10th Cir.1988). *De novo* review is appropriate because the district court's interpretation of the contract clause turned on "an analysis of the language and an application of the principles of contract interpretation," rather than upon "the credibility of extrinsic evidence." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir.1987).

■ The provision in question here has two primary subparts. The first part of the clause specifies that the agreement "where applicable, shall be governed by" Kansas law. The second, and dispositive part here, provides that "venue shall be proper under this agreement in Johnson

County, Kansas." We are persuaded that the district judge made the proper interpretation and correctly enforced the clause. We are mindful that a waiver of one's statutory right to remove a case from a state to a federal court must be "clear and unequivocal." *Regis Assocs.*, 894 F.2d at 195 (holding that nothing in language chosen suggested intent to waive right of removal); *Link Design, Inc. v. Lahr*, 731 F.Supp. 1535, 1536 (M.D.Fla.1990) (holding that interpretation of clause permitting removal was proper despite designation of Polk County, Florida, for any legal action under agreement). Furthermore, if there is ambiguity in the clause we should construe it against the drafter, Milk 'N' More.[1] *See Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 957 (5th Cir.1974) (construing forum selection clause against drafter); *see also Wood River Pipeline Co. v. Willbros Energy Servs. Co.*, 241 Kan. 580, 738 P.2d 866, 871 (1987) ("doubtful language in a contract is construed most strongly against the party preparing the instrument or employing the words concerning which doubt arises").

We are nevertheless persuaded that the district court here correctly construed and applied the clause. Such clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *The Bremen*, 407 U.S. at 10, 92 S.Ct. at 1913. Here the provision that "venue shall be proper under this agreement in Johnson County, Kansas" seems reasonably clear and the wording strongly points to the state court of that county. The use of the word "shall" generally indicates a mandatory intent unless a convincing argument to the contrary is made. *Sterling Forest Assocs., Ltd. v. Barnett-Range Corp.*, 840 F.2d 249, 252 (4th Cir. 1988), *abrogated in part on other grounds, Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 497, 109 S.Ct. 1976, 1977–78, 104 L.Ed.2d 548 (1989); *see also Karl Koch Erecting Co.*, 838 F.2d at 659 ("the parties' inclusion of the forum-selection clause makes little sense unless it precludes re-

moval by Koch"); *Intermountain Sys., Inc. v. Edsall Constr. Co.*, 575 F.Supp. 1195, 1198 (D.Colo.1983). We feel that *Intermountain Systems, Inc.* is particularly persuasive because it involved a similar clause: "It is agreed for purposes of this agreement, venue shall be in Adams County, Colorado." The district court held the language of the venue clause was precise and mandatory, and rejected the contention that it could be interpreted to refer both to the state court of Adams County and the federal district court for the District of Colorado. 575 F.Supp. at 1198.

There are additional arguments by Beavert which we will briefly discuss. He contends that facts can be developed at an evidentiary hearing demonstrating that the forum selection clause was obtained through overreaching and was not clearly explained to Beavert at the time of execution of the contract. Brief of Appellant at 6. There was, however, no affidavit or evidentiary showing made by Beavert on these matters during the pendency for some four months of the motion to remand. The only affidavit before the judge at the time of his ruling was that of Mr. Hedrick which disputes these contentions of overreaching. Furthermore, Beavert argues that the district court erred in not giving a full hearing and consideration to his motion to transfer or stay the federal action before entering his remand order. We cannot agree that the judge erred in his handling of the motions. He had reached the conclusion that the removal was improper and that the case should be remanded, as stated in his order. It would seem improper if he had instead exercised jurisdiction over the case and considered a transfer under federal procedure.

In sum, we are convinced that no error was committed by the judge in his interpretation of the agreement and the entry of his order of remand.

AFFIRMED.

---

**1.** The briefs of the parties are in agreement that the contract was drafted by an attorney of Milk 'N' More. Brief of Appellant at 3; Brief of Appellee at 4.