**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Samuel BANKS, Defendant–Appellant.**

No. 92–6341.

United States Court of Appeals,
Eleventh Circuit.

April 20, 1993.

John A. Lentine, Sheffield, Sheffield, Sheffield & Lentine, P.C., Birmingham, AL, for defendant-appellant.

Jack Selden, U.S. Atty., and Adolph J. Dean, Jr., Asst. U.S. Atty., Birmingham, AL, for plaintiff-appellee.

Before FAY and BIRCH, Circuit Judges, and KAUFMAN *, Senior District Judge.

FAY, Circuit Judge:

This case represents appellant Samuel Banks' second appearance before this court to appeal his conviction of obstruction of justice under 18 U.S.C. § 1503. In the first case, *United States v. Banks*, 942 F.2d 1576 (11th Cir.1991) [*Banks I*], another panel found his first conviction defective because the district court declined to give certain requested jury instructions. Therefore, it vacated and remanded his conviction with instructions that Banks be given a new trial. Banks now returns after his second trial, again appealing a variety of the jury instructions, which he claims either should or should not have been given, and the denial of his motion for a judgment of acquittal. Once again, we agree with Banks as to two of the asserted errors and vacate and remand.

Procedural History

The facts in this case were adequately covered in *Banks I*, 942 F.2d at 1577, so we see no need to repeat them in detail here. The essence of the matter is that Banks refused to testify to a grand jury about one Curtis Motley, the target of the grand jury investigation. Subsequently, the government indicted Banks on an obstruction of justice charge. Banks' asserted defense was that his refusal to testify was not based on a corrupt motive, as is required by the applicable statute, but rather that he feared for his personal safety and that of his family should he testify. The panel in *Banks I* held this was a valid defense to

---

* Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation.

an obstruction of justice charge because 18 U.S.C. § 1503 requires that the defendant "act corruptly." *Id.* at 1579. The panel found that this requirement distinguished a prosecution for obstruction of justice from one for criminal contempt where "motive is irrelevant." *Id.* Thus, the panel held it was error for the trial court to fail to instruct the jury on this defense. *Id.* at 1580.

The case was remanded to the district court for a new trial where Banks was convicted again. Now he brings this appeal citing four grounds for overturning his conviction. We find the first asserted error to be frivolous and do not discuss it.[1] Second, he claims it was error for the district court to refuse to give his requested instruction No. 2 that read, in part, in order to convict, the jury must find that the defendant's conduct "must have had a natural and probable effect of obstructing justice." Appellant's Brief at 1. Third, he submits that the court's instruction, that the defendant's fear of harm needed to be "substantiated" in order to constitute a good defense, impermissibly shifted the burden of proof to the defendant. *Id.* Finally, he claims that the government failed to meet its burden of proof with its case in chief, entitling him to a directed verdict of acquittal, which the district court erroneously denied. *Id.* We discuss issues two, three, and four in turn.

## DISCUSSION

### A. The "Natural and Probable" Instructions

 This issue involves the district court's refusal to give Banks' second re-

quested jury instruction. The requested instruction ran to three paragraphs. The second paragraph of the requested instruction was an incorrect statement of the law and was properly denied. However, the first and third paragraphs were not properly denied, although for different reasons, so we will discuss each separately.[2] The first paragraph of the requested instruction read, in part, as follows:

> [I]n order to convict this Defendant of the charge of obstructing justice ... the government must prove to you beyond a reasonable doubt that the Defendant *knew or should have known* that his failure to testify *would be likely, as a natural and probable consequence, to obstruct the grand jury's investigation.*

Court Exhibit 1, "Defendant's Requested Jury Charge No.: 2" (emphasis added). The emphasized language is virtually identical to the language mandated by the panel in *Banks I.* There the panel held:

> [T]he use of generalized statements of legal principles failed to convey to the jury the need for proof that *the defendant knew or should have known that his failure to testify would be likely, as a natural and probable consequence, to deprive the grand jury of relevant information.* It was the defendant's position at trial that he had given the ... grand jury, all of the pertinent information within his knowledge. As a fallback position, it was appellant's contention that whatever information he might possess was equally available through other

---

**1.** Appellant asserts the district court erred in refusing to instruct the jury as to the definition of the term "corruptly."

**2.** Paragraph one of the same requested instruction required the jury to find that Banks knew or should have known that his refusal to testify would have the effect of obstructing justice. Paragraph three is an instruction that, in order to convict, the jury must find that Banks' refusal to testify had "the natural and probable effect of obstructing the due administration of justice." The language the defendant recites as the "issue" on appeal is taken from paragraph three. Counsel for the defendant appears to argue in his brief that it was reversible error for the district court to refuse to give both of these

instructions. *Cf.* Appellant's Brief at 30 (arguing government must prove that failure to testify must have "natural and probable effect" of obstructing justice) *with id.* at 31 (government must prove that defendant knew or should have known it would have that effect). Because we find both instructions were mandated by our previous decisions we will treat the appeal as one of the entire instruction and discuss both, in spite of the lack of clarity in the brief. Moreover, we find the issue was properly preserved for appeal when counsel argued to the district court in the alternative that it give just the first paragraph of his requested charge, R6–212–13, and that request was also denied. R6–214.

witnesses, and indeed was actually obtained from other witnesses. *The jury was free to reject these contentions ... but the appellant was entitled to have the case submitted to the jury in a manner which would enable [it] fairly to consider his proffered defenses.*

*Banks I,* 942 F.2d at 1580–81 (emphasis added).

This language in *Banks I* mandated that the defendant's requested charge be given on remand. That mandate is the law of the case for purposes of Banks' second trial. *Westbrook v. Zant,* 743 F.2d 764, 768 (11th Cir.1984) (law of the case doctrine precludes reexamination on remand of findings of fact and conclusions of law by court of appeals absent special circumstances). Because none of the exceptions to the law of the case doctrine apply here, *see id.* at 768–69,[3] it was plain error for the district court to refuse to give the defendant's requested instruction.

 The third paragraph of Banks' requested instruction number two presents a slightly different problem. It read:

> If after a full and fair consideration of all of the evidence in this case *the government has failed to prove beyond a reasonable doubt that the Defendant's conduct had a natural and probable effect of obstructing the due administration of justice* then it is your duty to acquit the Defendant.

Court Exhibit 1, "Defendant's Requested Jury Charge No.: 2" (emphasis added). This is a variation on a theme of the first paragraph of the requested instruction and appears to require, at first blush, that the government prove that an actual obstruc-

tion of justice did result from Banks' refusal to testify. However, that construction is not precisely correct.

In *United States v. Thomas,* 916 F.2d 647 (11th Cir.1990), we set forth the government's burden to prove that obstruction of justice would *probably* result from the defendant's actions, and not a burden of showing that such an obstruction *actually* occurred. "Although ... the government need not show that the [defendant's actions] *actually* obstructed justice, *it is incumbent on the government to prove that [they] had the natural and probable effect of impeding justice.*" *Id.* at 652 (emphasis added). In *Thomas* we further held, "the trial court *must clearly and explicitly instruct the jury of the necessity of finding this relationship between the [actions] and obstruction.*" *Id.* (emphasis added).

A refusal to give a defendant's requested jury instruction "constitutes reversible error if the instruction '(1) is correct, (2) is not substantially covered by other instructions which were delivered, and (3) deals with some point in the trial so 'vital' that the failure to give the requested instruction seriously impaired the defendant's ability to defend.' " *United States v. Opdahl,* 930 F.2d 1530, 1533 (11th Cir.1991) (quoting *United States v. Lively,* 803 F.2d 1124, 1125–26 (11th Cir.1986)). The holding in *Thomas* demonstrates that the third paragraph of Banks' requested instruction was a correct statement of the law. It further demonstrates that the issue is one deemed "vital" enough for the court to require the instruction. Thus, the first and third prong of the test are met. Therefore, we need only decide whether the requested instruction was adequately covered by the

---

**3.** Although in the second trial Banks did not testify, as he had in the first, the evidence was not so "substantially different" from that in the first trial as to justify the application of the first exception in *Westbrook.* This is true principally because the great bulk of the evidence regarding Banks' "fear of reprisal defense" was brought out by the government in its case in chief; first, when it read into the record the transcripts from the grand jury proceedings and Banks' civil contempt hearing, *see, e.g.,* R6–125–28, 135, & 139–40, and second, on direct examination of its own witnesses. *See, e.g.,* R6–58, 90, & 97. In particular, the transcript of the second grand

jury appearance is telling because in it Banks refers at least ten times to his fear for his family as his reason for refusing to take the oath and testify. R6–125–28. His counsel also brought out on cross examination of the government's witnesses that there were other witnesses from whom the government did obtain, or could have obtained, information concerning Curtis Motley. *See, e.g.,* R6–61–62, 68 & 95. Thus, Banks' failure to testify in the second trial did not "substantially" alter the evidence presented from that presented in the first trial as to the nature of his defense.

other instructions given. A review of the charges given satisfies us that this instruction was not adequately covered elsewhere and therefore it was improperly denied.

*B. Instruction that Defendant's Fear be "Substantiated"*

■ The next ground Banks asserts as error was the following instruction given by the district court:

> A witness' failure to testify cannot be a willful or corrupt act if his refusal to testify was based solely upon a realistic and reasonable perception that ... giving testimony would result in imminent harm to the safety of the witness or members of his family. Unless any such fear of harm is genuine, *substantiated* and the sole motive for refusing to testify, that fear *could not* have the effect of *negating* the element of willfully and corruptly acting.

R7–268–69 (emphasis added). Banks argues that the word "substantiated" had the effect of removing the burden from the government to prove the defendant's refusal to testify was based upon a "corrupt motive." We agree, although we find the basis for the improper burden shifting to be found in more than just the word "substantiated."

Read as a whole, this charge unambiguously[4] sets up a mandatory rebuttable presumption that, unless the defendant proves his fear was "genuine" and "substantiated," the jury must find the government had met its burden on the issue of intent. In *Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) the Supreme Court held that jury instructions creating a mandatory rebuttable presumption which shifted the burden of proof on an essential element of the government's case to the defendant were unconstitutional. *Id.* at 316–18, 105 S.Ct. at 1972–73. In *Francis* the Court reviewed an instruction that the "acts of a person of sound mind and discretion are presumed to be the product of the person's will...." *Id.* at 309, 105 S.Ct. at 1968. It found this instruction to constitute an unconstitutional mandatory rebuttable presumption. *Id.* at 318, 105 S.Ct. at 1973.

"A mandatory rebuttable presumption is perhaps less onerous [than an irrebuttable or conclusive presumption] from the defendant's perspective, but it is no less unconstitutional." *Id.* at 317, 105 S.Ct. at 1972–73. The unconstitutionality, the Court wrote, stemmed from the fact that a mandatory rebuttable presumption "relieves the State of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding." *Id.* This is precisely the effect of the challenged charge in this case.

"To establish a violation of § 1503 ... the government must prove that the defendant acted 'corruptly.'" *Banks I,* 942 F.2d at 1579. The cumulative effect of the words "unless," "substantiated," "could not," and "negated," is to inform the jury that they must find the specific intent proven if the defendant does not prove his defense. The words "unless" and "could not" give the instruction its mandatory character, and the words "negate" and "substantiate"[5] suggest a coming forward

---

4. Because this charge was not "ambiguous" we are not confronted with the situation in *Boyde v. California*, 494 U.S. 370, 380, 110 S.Ct. 1190, 1197, 108 L.Ed.2d 316 (1990) and thus do not apply the standard articulated therein.

5. We fear the use of the word "substantiate" arose out of a laudable desire by the district court to follow this court's mandate in *Banks I* because the term is used in that opinion. *See Banks I,* 942 F.2d at 1579. There the court wrote "it is unlikely that any significant number of such reluctant witnesses would be able to convince a jury that their fears were genuine and substantiated, and that their sole motive in refusing to testify was ... fear." *Id.* Obviously, it is not, legally speaking, the defendant's burden to "convince the jury" of anything. That burden belongs to the government. However, ruling that "fear of reprisal" was a good defense to a prosecution under § 1503 for failure to testify, created the possibility that the defense would virtually eliminate such prosecutions since "most" potential witnesses "could probably articulate a plausible basis for fear of reprisals." *Id.* at 1579. In the quoted passage the court was responding to this objection by arguing that practical difficulties for persons asserting this defense would insure that the rule did not effectively create a "sanctuary" for anyone who did not wish to testify. *Id.*

by the defendant with evidence. Therefore, the instruction was improper.

■ Notwithstanding the unconstitutionality of the charge, we may uphold the conviction if giving it was harmless error. *Cunningham v. Zant*, 928 F.2d 1006, 1014 (11th Cir.1991).

■ An unconstitutional jury charge represents harmless error if the charge only applies to an element "not at issue in the trial" or if the "evidence as to defendant's guilt [is] overwhelming." *Cunningham*, 928 F.2d at 1014. The first exception is clearly inapplicable, *see Banks I*, 942 F.2d at 1579; therefore we must examine whether there was overwhelming evidence of Banks' guilt. We find that there was not. The government here presented no specific evidence as to Banks' intent. It merely relied on the inference that, because Banks acted knowingly, it was from a corrupt purpose. While a jury *may* find that the government has met its burden with respect to intent on the basis of such an inference, that is a far cry from saying that the evidence of guilt is "overwhelming," particularly in the face of contrary evidence that the refusal to testify was due to a fear of reprisal. Moreover, where most of that contrary evidence going to the defendant's "fear of reprisal" defense was presented by the government, *see supra* note 2, an instruction which suggests that the defendant must come forward with some additional evidence is not harmless error. For these reasons we find that the challenged instruction was given in error and entitles Banks to a new trial.

## C. Sufficiency of the Evidence

■ Finally, Banks argues that the government failed to prove its case, thus entitling him to a directed verdict of acquittal at the close of the government's case. This issue was decided in *Banks I, id.* at 1578–79. As we pointed out earlier, the evidence in this trial record was very similar to that introduced during the first. Although the government's evidence is noticeably light on the issue of his intent, it is sufficient.

In *Banks I* we held that "the motion for judgment of acquittal was properly denied." 942 F.2d at 1579. For the reasons outlined in Part A, pursuant to *Westbrook v. Zant*, this represents the law of the case and we are bound to follow it unless it is clearly wrong or based on substantially different evidence. As we already noted, the evidence presented in the second trial was not "substantially different" from that in the first. A reasonable juror might conclude, from the evidence that Banks bought 20 pounds of marijuana from Curtis Motley, that Motley and Banks had a substantial business relationship, which, given the clandestine nature of the drug business, included a high degree of trust. From these inferences a reasonable juror might conclude that Banks was refusing to testify to protect that relationship. We are *not* saying that is the only reasonable, or indeed the *most* reasonable, conclusion to be inferred from the facts presented, merely that it is one reasonable possibility.[6] For

---

In addition, the court in *Banks I* recognized that the language in § 1503 requires the government to prove that a failure to testify is based on a "corrupt motive," and thus is distinguishable from a prosecution for criminal contempt on the same grounds because there "motive is irrelevant." *Id.* In the context of § 1503 motive is not irrelevant.

**6.** We see no conflict between holding that a jury *may* infer, without direct evidence, that a corrupt motive exists, from a holding that it may not be instructed to find such a motive has been proven *unless* the defendant proves otherwise. *See* Joseph V. DeMarco, *Note: A Funny Thing Happened on the Way to the Courthouse: Mens Rea, Document Destruction, and the Federal Obstruction of Justice Statute*, 67 N.Y.L.Rev. 570 (1992) (finding a conflict in the circuits regarding government's burden of proof on specific intent). It is one thing to say that the government's burden *may* be met on the basis of certain permissible inferences. It is quite another to say it *must* be met on the same basis. The latter would totally eliminate the government's burden to prove specific intent. The case cited in the above Note, *United States v. Silverman*, 745 F.2d 1386, 1393 (11th Cir.1984), *id.* at 582 n. 93, concerned the issue of whether or not a motion to dismiss was properly denied. We do not find our analysis in conflict with *Silverman* to the extent that we hold a jury may rely on certain inferences to find that the government has met its burden, but simply decline to hold that the government is entitled to a mandatory inference that it has done so.

these reasons we affirm the district court's denial of a judgment of acquittal.

## CONCLUSION

For the foregoing reasons we VACATE the judgment appealed and REMAND with instructions for a new trial consistent with this opinion.