EXCELL, INC., a Delaware Corporation, Plaintiff,

v.

STERLING BOILER & MECHANICAL, INC., an Indiana corporation, Defendants.

Civil Action No. 95–B–3030.

United States District Court, D. Colorado.

Feb. 22, 1996.

Edward H. Flitton, III, David S. Prince, Holland & Hart, Colorado Springs, CO, for plaintiff.

Alan C. Friedberg, F. Stephen Collins, Pendleton, Friedberg, Wilson, Hennessey & Meyer, P.C., Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff, Excell, Inc., moves to remand this action to state court pursuant to 28 U.S.C. § 1447(c). This motion is adequately briefed and oral argument will not aid its resolution. I grant plaintiff's motion to remand and award costs and fees associated with the remand.

On November 1, 1995, plaintiff filed a complaint in the District Court of El Paso County, State of Colorado, asserting a breach of contract claim against defendant. On December 6, 1995, defendant filed a Notice of Removal to remove the action to this court based on diversity of citizenship. Plaintiff moves to remand this action to state court pursuant to an express forum selection clause contained in the contract at issue. Additionally, plaintiff requests costs and fees associated with the remand pursuant to 28 U.S.C. § 1447(c).

### I.

This case involves plaintiff's claim for breach of contract against defendant corporation. Circumstances surrounding the execution of the contract are undisputed. On April 15th, 1995, plaintiff and defendant entered into a Consultant Retainer Agreement whereby plaintiff agreed to provide consulting services to defendant. Paragraph seven of this contract contained the following forum selection clause:

> In the event any dispute shall arise with regard to any provision or provisions of the Agreement, this Agreement shall be subject to, and shall be interpreted in accordance with, the laws of the State of Colorado. Jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado.

### II.

The enforceability of a forum selection clause has long been recognized by the

Supreme Court. *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). "The choice of ... forum ... made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason ... should be honored by the parties and enforced by the courts." *Id.* at 12, 92 S.Ct. at 1914.

■ The Tenth Circuit has recognized the enforceability of forum selection clauses. *Milk 'N' More, Inc. v. Beavert,* 963 F.2d 1342 (10th Cir.1992). "Such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Id.* at 1346. However, the Tenth Circuit cautioned that a waiver of a party's right to remove an action from a state to federal court must be "clear and unequivocal." *Id.* Any ambiguity in the clause should be construed against the drafter. *Id.*

■ Defendant does not contend that enforcement of the clause would be unreasonable under the circumstances. Rather, defendant argues the forum selection clause is ambiguous because it is susceptible to the following two reasonable interpretations: (1) the case may be removed to the federal district court which includes El Paso County; and (2) the parties may proceed only in a state court of El Paso County. Accordingly, defendant asserts, the ambiguous clause should be construed against plaintiff, the drafter.

In support of this argument, defendant cites *Links Design, Inc., v. Lahr,* 731 F.Supp. 1535 (M.D.Fla.1990), a case involving the interpretation of a similar forum selection clause. That court found a clause which stated "proper venue for said action shall be Polk County, Florida," could be interpreted to permit removal of the case to federal district court. *Id.* at 1535. Because the clause was ambiguous, it was construed against the drafting party. *Id.*

Defendant urges this court to follow the holding in *Links* in interpreting the forum selection clause. In doing so, defendant maintains, this court must construe the clause against the drafter, the plaintiff, and deny the motion to remand.

I decline to follow the holding in *Links.* The decisions of the Tenth Circuit are binding on this court. In *Milk 'N' More v. Beavert,* the Tenth Circuit considered a forum selection clause similar to that at issue:

> The parties herein have mutually agreed that said lease and the purchase option agreement contained herein, where applicable, shall be governed by the laws of the State of Kansas and the parties further agree that venue *shall be proper* under this agreement in Johnson County, Kansas. (emphasis added)

*Milk 'N' More,* 963 F.2d at 1343. In interpreting the clause, the Tenth Circuit stated, "the provision that 'venue shall be proper under this agreement in Johnson County, Kansas' seems reasonably clear and the wording strongly points to the state court of that county. The use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made." *Id.* at 1346. The court, finding the clause unambiguous, affirmed the district court's order remanding the case to state court. *Id.*

The forum selection clause in the contract here is similar to but more clear than that in *Milk 'N' More:*

> In the event any dispute shall arise with regard to any provision or provisions of the Agreement, this Agreement shall be subject to, and shall be interpreted in accordance with, the laws of the State of Colorado. Jurisdiction shall be in the State of Colorado, and venue *shall lie* in the County of El Paso, Colorado. (emphasis added)

In light of *Milk 'N' More,* I conclude that the use of the words "shall lie" indicates a clear and unequivocal waiver of defendant's statutory right to remove the claim from state court to federal court. Accordingly, I grant plaintiff's motion and remand this action to state court.

### III.

■ Plaintiff requests attorney fees and costs associated with the remand. 28 U.S.C. § 1447(c) provides:

An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

█ Section 1447(c) affords discretion and flexibility to the district court in awarding costs and fees. *Morgan Guar. Trust v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir.1992). The Tenth Circuit, like other circuits, does not require a finding of bad faith for an award of attorney fees under 28 U.S.C. § 1447(c). *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321 (10th Cir.1994); *Moore v. Permanente*, 981 F.2d 443 (9th Cir.1992); *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238 (6th Cir.1993). However, the Tenth Circuit also considers "the propriety of the defendant's removal ... central in determining whether to impose fees." *Daleske v. Fairfield Communities, Inc.*, 17 F.3d at 324.

On December 12, 1995, plaintiff's counsel advised defendant's counsel that plaintiff would seek a remand of this case to state court based on the contract's forum selection clause. Plaintiff's counsel requested that defendant voluntarily agree to remand. Defendant's counsel asked that plaintiff delay filing its motion while he conferred with his client about voluntarily remanding the case. [Plaintiff's Exhibit A]

On December 28, 1995, defendant's counsel conceded that this court would likely be required by the *Milk 'N' More* decision to remand the case. However, defendant believed the Tenth Circuit law erroneous and intended to appeal the order of remand and seek reversal of *Milk 'N' More*. [Plaintiff's Exhibit A]. Noting the amount of time and resources required by such an appeal, defendant's counsel encouraged plaintiff not to seek a remand. [Plaintiff's Exhibit A].

Defendant's refusal to confess remand caused plaintiff to incur fees solely as a result of the improper removal. Those expenses were exacerbated because plaintiff's in-house counsel does not practice before this court and plaintiff was, therefore, required to engage outside counsel to dispute the removal.

Defendant specifically agreed to litigate any claims in state court when it executed the contract containing the forum selection clause. The law regarding such clauses, as set forth in *Milk 'N' More*, is well settled and binding within the Tenth Circuit. Nonetheless, defendant refused voluntarily to remand the case despite numerous opportunities to do so. Hence, I exercise my discretion pursuant to 28 U.S.C. 1447(c) and award plaintiff fees and costs incurred as a result of defendant's improper removal.

Accordingly, it is ORDERED that:

(1) Plaintiff's Motion to Remand is granted;

(2) Plaintiff's request for award of costs and fees pursuant to 28 U.S.C. § 1447(c) is granted;

(3) Plaintiff shall submit a statement of costs and fees associated with the remand within ten days from the date of this order, and defendant shall have ten days thereafter to respond.