PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 2/4/97**

TENTH CIRCUIT

EXCELL, INC., a Delaware corporation,

    Plaintiff-Counter-Defendant-
    Appellee,

       v.

STERLING BOILER & MECHANICAL,
INC., an Indiana corporation,

    Defendant-Counter-Claimant-
    Appellant.

No. 96-1090

Appeal from United States District Court
for the District of Colorado
(D.C. No. 95-B-3030)

Submitted on the briefs:

Alan C. Friedberg and Alicia B. Clark, of Pendleton, Friedberg, Wilson, Hennessey &
Meyer, P.C., of Denver, Colorado, for the appellant.

Edward H. Flitton III and David S. Prince, of Holland & Hart, of Colorado Springs,
Colorado for the appellee.

Before KELLY, McWILLIAMS, and BRISCOE, Circuit Judges.

BRISCOE, Circuit Judge.

    Defendant Sterling Boiler & Mechanical, Inc. (Sterling) appeals the district court's

order remanding this breach of contract action to Colorado state court. Sterling also

appeals the district court's award of attorney fees and costs to plaintiff Excell, Inc. (Excell).  We affirm.

On April 15, 1995, Excell entered into a written contract with Sterling under which Excell agreed to provide consulting services to Sterling in return for monthly payments. Excell filed a complaint in the District Court of El Paso County, Colorado, on November 1, 1995, asserting Sterling had breached the contract by failing to pay for services. Sterling removed the action to federal district court on December 6, 1995, based on diversity of citizenship. On February 22, 1996, upon motion by Excell, the district court remanded the action to state court pursuant to an express forum selection clause in the parties' contract, which provides:

> In the event that any dispute shall arise with regard to any provision or provisions of this Agreement, this Agreement shall be subject to, and shall be interpreted in accordance with, the laws of the State of Colorado.  Jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado.

Append. at 6.

Following remand, Excell submitted a statement of costs and fees to federal district court pursuant to 28 U.S.C. § 1447(c).  On March 29, 1996, the federal district court granted fees and costs to Excell in the amount of $3,895.

I. *Did the district court err in granting Excell's motion to remand?*

The primary question raised by Sterling on appeal is whether the district court correctly interpreted the forum selection clause in the parties' contract to preclude removal of the case.  According to Sterling, the clause is ambiguous and can be interpreted to allow venue in both state district court in El Paso County and in federal district court, which is also located in El Paso County.  Sterling also asserts the two days

it had to review and sign the contract did not provide time for a thorough review or for a review by its attorney.

In reviewing the district court's decision to remand the case to state court, we apply a de novo standard. Milk 'N' More v. Beavert, 963 F.2d 1342, 1345 (10th Cir. 1992). "De novo review is appropriate because the district court's interpretation of the contract clause turned on 'an analysis of the language and an application of the principles of contract interpretation,' rather than upon 'the credibility of extrinsic evidence.'" Id. (quoting Hunt Wesson Foods v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987)).

The parties have not discussed whether Colorado state law or federal common law controls the validity and interpretation of the forum selection clause. Because we believe there are no material discrepancies between Colorado law and federal common law on these matters, see Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) (in an admiralty case, the Court held forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"); Vessels Oil & Gas Co. v. Coastal Refining & Marketing, 764 P.2d 391, 393 (Colo. App. 1988) (forum selection clauses are enforceable if they are fair and reasonable); ABC Mobile Systems v. Harvey, 701 P.2d 137, 139 (Colo. App. 1985) (same), we find it unnecessary to decide the issue. See Shell v. R.W. Sturge, 55 F.3d 1227, 1229 (6th Cir. 1995) (finding it unnecessary to decide choice of law issue because Ohio law and federal common law treated forum selection clauses in similar manner); Lambert v. Kysar, 983 F.2d 1110, 1116 (1st Cir. 1993) ("[A]s we discern no material discrepancy between Washington state law and federal law, we need confront neither the choice-of-law issue nor the daunting question whether forum selection clauses are to be

-3-

treated as substantive or procedural for <u>Erie</u> purposes.").

We note that forum selection clauses are frequently classified as either mandatory or permissive. <u>See</u> <u>Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.</u>, 69 F.3d 1034, 1036 (9th Cir. 1995); <u>Frietsch v. Refco</u>, 56 F.3d 825, 829 (7th Cir. 1995); <u>Caldas & Sons v. Willingham</u>, 17 F.3d 123, 127 (5th Cir. 1994); <u>Milk 'N' More</u>, 963 F.2d at 1345. Mandatory forum selection clauses "contain[] clear language showing that jurisdiction is appropriate only in the designated forum." <u>Thompson v. Founders Group Intern.</u>, 886 P.2d 904, 910 (Kan. App. 1994). For example, a clause stating "venue for any dispute arising under or in relation to this contract shall lie only in the Seller's state and county," has been deemed mandatory. <u>Id</u>. (citing <u>Vanier v. Ponsoldt</u>, 833 P.2d 949 (Kan. 1992)). In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not "prohibit litigation elsewhere." <u>Id</u>. An example of a permissive forum selection clause is: "The parties agree that in the event of litigation between them, Franchise Owner stipulates that the courts of the State of Michigan shall have personal jurisdiction over its person, that it shall submit to such personal jurisdiction, and that venue is proper in Michigan." <u>Id</u>. (citing <u>Utah Pizza Service v. Heigel</u>, 784 F. Supp. 835, 837 (D. Utah 1992)).

We now turn to the forum selection clause at issue here. The clause provides in pertinent part that if any dispute arises regarding the provisions of the contract, "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado." Append. at 6. Keeping in mind the mandatory/permissive dichotomy, and giving the language of the clause its plain meaning, we conclude the clause is mandatory and requires that any breach of contract action be brought and litigated in the

District Court of El Paso County, Colorado. Although Sterling argues the clause can be reasonably interpreted to allow removal of the case to federal district court that sits in El Paso County, we reject this argument. For federal court purposes, venue is not stated in terms of "counties." Rather, it is stated in terms of "judicial districts." See 28 U.S.C. § 1391. Because the language of the clause refers only to a specific county and not to a specific judicial district, we conclude venue is intended to lie only in state district court. See Intermountain Systems v. Edsall Const. Co., 575 F. Supp. 1195, 1198 (D. Colo. 1983) (rejecting similar argument that forum selection clause providing "venue shall be in Adams County, Colorado," could be construed to allow removal to federal district court in Colorado).

Because we conclude the language of the forum selection clause is clear and mandatory, the only way for Sterling to avoid the effect of the clause is to demonstrate it is unfair or unreasonable. See ABC Mobile Systems, 701 P.2d at 139. Although Sterling complains it had little time to review the language of the contract before signing it, there is no evidence of "overreaching" on the part of Excell, that Excell had unequal bargaining power, or that the forum chosen by the parties "would be a seriously inconvenient one for the trial of the particular action." Id. (quoting Restatement (Second) of Conflict of Laws § 80 cmt. a (1971)). Nor has Sterling alleged it would be deprived of its day in court if forced to litigate the action in state court. Accordingly, Sterling has not demonstrated that application of the clause is unfair or unreasonable. Id. at 139-40.

For these reasons, we conclude the district court properly remanded the case to state district court.

II. *Did the district court err in awarding fees and costs to Excell?*

Sterling argues the district court erred in awarding fees and costs to Excell under 28 U.S.C. § 1447(c). Specifically, Sterling argues it acted in good faith in seeking removal of the action and had a legitimate basis for doing so.

28 U.S.C. § 1447(c) provides: "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal. Daleske v. Fairfield Communities, 17 F.3d 321, 324 (10th Cir.), cert. denied 114 S. Ct. 1832 (1994). The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c). Id.

Here, the district court noted Excell's counsel asked Sterling to voluntarily remand the case, but that Sterling refused to do so even though it acknowledged the case would likely be remanded by the district court. The district court concluded:

> The law regarding [forum selection] clauses, as set forth in Milk 'N' More, is well settled and binding within the Tenth Circuit. Nonetheless, defendant refused voluntarily to remand the case despite numerous opportunities to do so. Hence, I exercise my discretion pursuant to 28 U.S.C. 1447(c) and award plaintiff fees and costs incurred as a result of defendant's improper removal.

Append. at 123-24.

For the reasons set forth in our analysis of the forum selection clause, we agree with the district court and conclude Sterling had little or no basis for seeking removal of this action. Accordingly, we conclude the district court did not abuse its discretion in awarding costs to Excell under § 1447(c).

The judgment of the district court is AFFIRMED.

-6-