**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HANLEY DAWSON, III,

        Plaintiff-Appellee,

v.

BRIAN D. FITZGERALD,

        Defendant-Appellant.

No. 99-1054
(D.C. No. 98-M-2778)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Brian D. Fitzgerald appeals from an order issued by the district court remanding the case to state court. The district court found the parties had waived their statutory right to remove the action to federal court based on a forum selection clause in the contract. For the following reasons, we agree with the district court and affirm the remand order.

As Beaver Creek homeowners, plaintiff Hanley Dawson, III and defendant were eligible to participate in a lottery held by Vail Corporation, Inc. to purchase land in the Strawberry Park area of Beaver Creek located in Eagle County, Colorado. According to defendant, in order to better defendant's chances in the lottery, George P. Broadbent, another Beaver Creek homeowner, suggested that plaintiff also enter the lottery on defendant's behalf. [1] Plaintiff was successful in the lottery and obtained the right to purchase the lot that defendant desired. Thereafter, defendant drafted and the parties executed the Assignment/Second Sale Agreement (the Assignment Contract) pursuant to which plaintiff assigned to defendant the right plaintiff had acquired to enter into a sales contract to purchase land from Vail Corporation. Among other provisions, the Assignment Contract states that "[i]f Assignee sells the subject property prior to building [a] residence, then the net sales proceeds . . . shall be divided equally (50/50) by Assignor and

---

[1] The parties stipulated that plaintiff will amend his complaint to add Broadbent as a plaintiff in the state court action or, in the event we were to reverse the district court's order in this appeal, in the federal court action.

Assignee." Appellant's App. at 8. Plaintiff subsequently assigned to defendant his sales contract with Vail Corporation and defendant purchased the land in Strawberry Park. Defendant did not build a residence on the property. In 1998, defendant sold the land covered under the Assignment Contract but did not share any of the net sales proceeds with plaintiff.

Plaintiff filed a complaint in District Court, Eagle County, Colorado, claiming breach of contract, unjust enrichment, promissory estoppel, and quantum meruit. Defendant removed the action to federal court pursuant to 28 U.S.C. §§ 1441, 1446. [2] Plaintiff moved to have the case remanded to state court based on a clause in the contract that provides: "[t]he Assignment/Second Sale Agreement shall be governed under the laws of the State of Colorado, and all parties agree that venue is proper in the District Court of Eagle County, Colorado." Appellant's App. at 9. The district court granted plaintiff's motion and defendant appealed. The parties jointly sought our expedited review which we hereby grant.

We have appellate jurisdiction under 28 U.S.C. § 1291. Generally, in order to be appealable under § 1291, a decision has to be final in the traditional sense that it "'ends the litigation on the merits and leaves nothing for the court to

---

[2] The parties do not dispute that diversity jurisdiction exists under 28 U.S.C. § 1332(a); plaintiff is a resident of Illinois, defendant is a resident of Connecticut, and the amount in controversy exceeds $75,000.

-3-

do but execute the judgment.'" Quackenbush v. Allstate Ins. Co. , 517 U.S. 706, 712 (1996) (quoting Catlin v. United States , 324 U.S. 229, 233 (1945)). Despite this definition of finality, a remand order is appealable under § 1291 because it is a collaterally final order terminating the action in federal court. See id. at 712-15.

When confronted with a remand order, we must determine whether our review is barred by 28 U.S.C. § 1447(d), which states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Here, the district court's remand was based on a forum selection clause rather than on § 1447(c) grounds, i.e., a defect in the removal procedure or lack of jurisdiction. Hence, our review of the district court's order is not barred. See Quackenbush , 517 U.S. at 711-12 (reiterating principle that only § 1447(c) remand orders are shielded from review by § 1447(d)).

We review de novo the district court's decision to remand the case to state court based on an interpretation of a contract provision. See, e.g. , Excell, Inc. v. Sterling Boiler & Mechanical, Inc. , 106 F.3d 318, 320 (10th Cir. 1997); Milk 'N' More, Inc. v. Beavert , 963 F.2d 1342, 1345 (10th Cir. 1992). As stated in Excell , because "there are no material discrepancies between Colorado law and federal common law on these matters" we need not decide "whether Colorado state law or

-4-

federal common law controls the validity and interpretation of the forum selection clause." Excell , 106 F.3d at 320.

Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Milk 'N' More , 963 F.2d at 1346. When interpreting contract language limiting the filing of actions, our goal is to give effect to the parties' intent as evinced by the language of the contract. See SBKC Serv. Corp. v. 1111 Prospect Partners, L.P. , 105 F.3d 578, 582 (10th Cir. 1997) ( SBKC ). In Milk 'N' More , we discussed the difference between mandatory and permissive forum selection clauses and acknowledged that "a waiver of one's statutory right to remove a case from a state to a federal court must be 'clear and unequivocal.'" Milk 'N' More , 963 F.2d at 1346 (quoting Regis Assocs. v. Rank Hotels (Management) Ltd. , 894 F.2d 193, 195 (6th Cir. 1990)).

The contract in Milk 'N' More provided that:

The parties herein have mutually agreed that said lease and the purchase option agreement contained herein, where applicable, shall be governed by the laws of the State of Kansas and the parties further agree that *venue shall be proper under this agreement in Johnson County, Kansas* .

Milk 'N' More , 963 F.2d at 1343. We found this language was "reasonably clear" and "strongly point[ed] to the state court of [Johnson County, Kansas]." Id. at

1346. Thus, we concluded the clause was a valid, enforceable forum selection clause. See id.

Since deciding Milk 'N' More, we have had other opportunities to construe forum selection clauses in a remand context. See Excell, Inc., 106 F.3d 318; SBKC, 105 F.3d 578. In Excell, the contract provided that "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado." Excell, 106 F.3d at 321. We construed this language as a mandatory forum selection clause which limited the parties to the District Court of El Paso County, Colorado. See id. In SBKC, the contract provided that "an action *may be maintained* in the State of Kansas and the County of Wyandotte for the purposes of collecting . . . a deficiency." SBKC, 105 F.3d at 580. This court did not find that this language constituted a forum selection clause and reversed the district court's remand.

Defendant raises three arguments in support of his appeal of the district court's remand order. First, he asserts that the district court erred in stating that the parties to the Assignment Contract waived their statutory right of removal. Next, defendant contends that the district court incorrectly deemed the language at issue in the Assignment Contract a forum selection clause. Last, defendant argues that the district court abused its discretion by issuing a remand order without giving defendant the opportunity to defend against plaintiff's motion.

-6-

The clause containing the pertinent contract language before us comprises two subparts. The first part specifies that "[t]he Assignment/Second Sale Agreement shall be governed under the laws of the State of Colorado." Appellant's App. at 9. The "shall" employed in the first part mandates that Colorado law will control disputes between the parties. See Milk 'N' More, 963 F.2d at 1346 ("The use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made."). The second part of the clause -- "and all parties agree that venue is proper in the District Court of Eagle County, Colorado," Appellant's App. at 9, -- is the focus of this dispute.

The language, "venue is proper in the District Court of Eagle County, Colorado," is limiting and mandatory. While the word "shall" appears expressly in the first part only and not in the second part, the "is proper" language of the second part, in conjunction with the designation of a particular tribunal, is functionally equivalent to the "shall be proper" language considered in Milk 'N' More and the "venue shall lie" language considered in Excell. In our view, the "is proper" language cannot be equated with the permissive, nonmandatory "may be maintained" language analyzed in SBKC. Indeed, we see little to distinguish the language here from the forum selection clauses in Excell and Milk 'N' More. Hence, we hold that the clause is mandatory. Because the clause is mandatory

and unequivocal, the parties to the Assignment Contract waived their statutory right to remove contract disputes to federal court.

Nor do we agree with defendant that the language fails to constitute a forum selection clause. The clause designates a specific tribunal, the District Court of Eagle County, Colorado. Therefore, the clause is distinct from the clause we considered in SBKC which provided only that "an action *may be maintained* in the State of Kansas and the County of Wyandotte." SBKC, 105 F.3d at 580. Our treatment of the clause here as a mandatory and enforceable forum selection clause accords with the reasoning expressed in SBKC in which this court applied the term "forum selection clause" only to clauses that designate a specific tribunal to the exclusion of all others. See id. at 582.

Since we agree with the district court that the language at issue in the Assignment Contract is an enforceable forum selection clause, defendant can escape its effect only by demonstrating it is unfair or unreasonable. See Excell, 106 F.3d at 321. Defendant does not take the position that the clause is either unfair or unreasonable.

Defendant contends that the district court abused its discretion by ruling on plaintiff's remand motion without providing defendant an opportunity to submit a

-8-

brief on the issue. [3] Absent "a specific federal rule, the Federal Rules of Civil Procedure permit federal judges to regulate practice 'in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and local rules of the district.'" Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164 (10th Cir.) (quoting Fed. R. Civ. P. 83(b)), cert. denied, __ U.S. __, 119 S. Ct. 617 (1998). Permitting a party opposing a remand motion to file a brief falls within the ambit of "supervision of litigation" since there is no federal law, rule adopted under 28 U.S.C. §§ 2072 or 2075, or local rule that is controlling. Cf. id. at 1164 (holding that district court's decision whether to consider matters raised by summary judgment movant in reply brief without permitting opposing party to surreply falls under "supervision of litigation"). District court actions that fall within the framework of "supervision of litigation" are reviewed under an abuse of discretion standard. See Pierce v. Underwood, 487 U.S. 552, 558 n.1 (1988). We

_____

[3]    Defendant asserts that he would have opposed the remand motion by showing that a later contract between plaintiff and defendant, the Assignment of Sales Contract, does not contain the forum selection clause that is found in the Assignment/Second Sale Agreement. See Appellant's Opening Br. at 18 (stating that defendant was "precluded from showing that the parties' final 1995 agreement dealing with the same subject matter contains no [forum selection clause] language"). Defendant fails to develop this argument and demonstrate how the later agreement affects the terms and provisions of the Assignment/Second Sale Agreement. Therefore, we do not address this argument. See National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1244 (10th Cir. 1989) (holding that court is "not required to manufacture a party's argument on appeal when it has failed in its burden to draw [court's] attention to the error below").

do not find that the district court here "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  <u>United States</u> <u>v. Ortiz</u>, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986)).  Therefore, we hold that the district court did not abuse its discretion.

Accordingly, the remand order of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge