Kaechele v. Nova Infor. System        CV-00-313-JD  12/22/00

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Cynthia Hall Kaechele
and Christopher Kaechele

    v.                          Civil No. 00-313-JD
                                     Opinion No. 2000 DNH 266
Nova Information Systems, Inc.


O R D E R


The plaintiffs, Cynthia Hall Kaechele and Christopher Kaechele, bring suit against their former employer, Nova Information Systems, Inc., in which they allege nine claims arising from their employment at Nova. Nova moves to dismiss Count V, for fraud; Count VIII, for relief under N.H. RSA § 339-E; and Count IX, seeking a declaratory judgment as to the enforceability of their noncompete agreement. The parties have filed a stipulation of dismissal of Count VIII, and that claim is therefore dismissed. In addition, the plaintiffs have amended their complaint, and in particular, they have added allegations in support of their fraud claim. Since Nova's motion challenges the pre-amendment version of the fraud claim, the motion is denied as to that claim. The court addresses the only remaining portion of Nova's motion, to dismiss Count IX, the declaratory judgment claim.

Discussion

Because Nova has filed its answer, the motion to dismiss is more properly considered as a motion for judgment on the pleadings.  "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  When considering a motion for judgment on the pleadings, the "court must accept all of the nonmoving part[ies'] well-pleaded factual averments as true and draw all reasonable inferences in [their] favor."  Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).  Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief.'"  Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

In Count IX, the plaintiffs seek a declaratory judgment that the provisions of the parties' noncompete agreement are null, void, and unenforceable.  Nova contends that the plaintiffs' declaratory judgment claim should be dismissed due to improper venue.  Nova relies on the choice-of-law and forum selection clause in the employment agreement that provides as follows:

5.  The terms of this Agreement shall be governed by

and construed in accordance with the laws of the State of Georgia (excluding conflicts of law rules). Employee agrees that in the event he or she breaches or threatens to breach this Agreement, he or she will submit to jurisdiction in the state or federal courts located in Fulton County, Atlanta, Georgia.[1]

The plaintiffs respond that the clause does not apply to their declaratory judgment claim, or alternatively, that if applicable, the clause should not be enforced.

For purposes of this motion, the court will assume that a claim may be dismissed for lack of venue based on a forum selection clause. See Lambert v. Kysar, 983 F.2d 1110, 1112 n.1 (1st Cir. 1993); Arguss Communications Group, Inc. v. Teletron, Inc., 2000 WL 36936, *6 (D.N.H. Nov. 19, 1999). It is unresolved in the First Circuit whether a forum selection clause is to be construed as a procedural issue, pursuant to federal law, or as a substantive issue, pursuant to state law. See Lambert, 983 F.2d at 1116 n.10. The parties have not addressed the choice-of-law issue. However, because the relevant law does not appear to be in conflict, a choice is not necessary. See id. at 1116.

Under both federal common law and Georgia state law, forum

---

[1]Although consideration of materials extrinsic to the complaint would in some circumstances require converting the motion to one for summary judgment, a contract that is integral to the complaint may be considered without implicating conversion. See Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).

selection clauses are presumed to be valid unless they are shown to be unreasonable or invalid.  See Lambert, 983 F.2d at 1119; Iero v. Mohawk Finishing Prods., Inc., 534 S.E.2d 136, 137-38 (Ga. Ct. App. 2000).  Federal courts distinguish between "mandatory" and "permissive" forum selection clauses.  See, e.g., Snapper, Inc. v. Redan, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999); Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 321 (10th Cir. 1997).  Although Georgia state courts have not explicitly used the "mandatory" and "permissive" analysis, Georgia law has been deemed to be consonant with that analysis.  See Snapper, 171 F.3d at 1262 n.24; AmerMed Corp. v. Disetronic Holding AG, 6 F. Supp. 2d 1371, 1375 (N.D. Ga. 1998).

"To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one."  Northern Cal. Dist. Council of Laborers v. Pittsburg-DesMoines Steel Co., 69 F.3d 1034, 1036 (9th Cir. 1995).  In contrast, a clause that only provides the parties' consent to jurisdiction in a particular venue is permissive, and does not provide the exclusive forum. See id.; see also Snapper, 171 F.3d at 1262 n.24; Excell, 106 F.3d at 321.  Any ambiguity in the language is generally construed in favor of permissiveness.  See Weiss v. La Suisse, 69 F. Supp. 2d 449, 455 (S.D.N.Y. 1999).

The clause used in the employment agreement at issue here is

4

permissive.  The employee agrees that in the event of his or her breach, he or she will submit to jurisdiction in the designated forum.  The clause contains no mandatory or exclusive language. Therefore, the clause permits suit in other fora, such as the District of New Hampshire, and does not support Nova's motion to dismiss Count IX.


## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 6) is granted as to Count VIII, in accordance with the parties stipulation (document no. 8), and is otherwise denied.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
District Judge

December 22, 2000

cc:  Donald C. Crandlemire, Esquire
     Christopher Cole, Esquire