FILED
United States Court of Appeals
Tenth Circuit

December 21, 2009

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHELL OIL COMPANY; SWEPI L.P.,
f/k/a Shell Western E&P, Inc., KINDER
MORGAN CO2 COMPANY, L.P., f/k/a
Shell CO2 Company, Ltd., MOBILE
PRODUCING TEXAS AND NEW
MEXICO, INC., CORTEZ PIPELINE
COMPANY,

      Plaintiffs - Appellees,

  v.

CO2 COMMITTEE, INC.,

      Defendant - Appellant.

No. 08-2281

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D. Ct. No. 2:07-CV-01033-RB-WDS)**

---

Submitted on the briefs:[*]

John M. Cogswell, Cogswell Law Offices, P.C., Buena Vista, Colorado, for
Appellant.

Kent Sullivan, Matthew J. Salzman, and Brian E. Sobczyk, Stinson Morrison
Hecker LLP, Kansas City, Missouri, for Appellee Cortez Pipeline Company; Mark

---

[*]After receiving briefing in this case, this three-judge panel granted the
Appellees' unopposed motion to waive oral argument. The case is therefore
submitted for disposition on the briefs. See Fed. R. App. P. 34(f); 10th Cir. R.
34.1(A)(2), (G).

Rodriguez and Gwen Samora, Vinson & Elkins, LLP, Houston, Texas, and Andrew McCollam, III, McCollam Law Firm, PC, Houston, Texas, for Appellees Shell Oil Company, Swepi LP, f/k/a Shell Western E&P, Inc., and Kinder Morgan CO2 Company, L.P., f/k/a Shell CO2 Company, Ltd.; Shannon Ratliff and Richard A. Fordyce, Ratliff Law Firm, PLLC, Austin, Texas, and Bryan G. Eberle, Sherman & Howard, LLC, Denver, Colorado, for Appellee Mobil Producing Texas & New Mexico, Inc.

---

Before **TACHA**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

---

**TACHA**, Circuit Judge.

---

The sole issue presented in this appeal is whether the applicability of a res judicata defense based on a prior arbitration order should be resolved by (1) the arbitration panel that issued the prior order, or (2) a new arbitration panel chosen pursuant to the selection process outlined in the parties' arbitration agreement. We have jurisdiction under 28 U.S.C. § 1291, and because we conclude that the arbitration agreement provides that applicability of the defense must be determined by a new arbitration panel, we REVERSE the order of the district court.

## I. BACKGROUND

Defendant-appellant $CO_2$ Committee, Inc. ("the Committee") was created in 2001 to monitor and enforce future-relief provisions of a class action settlement agreement ("the agreement") between its members and the plaintiffs-appellees (collectively, "the plaintiffs"). The agreement contains a binding arbitration

section which refers all future disputes arising from or relating to the agreement to arbitration. Additionally, the binding arbitration section contains a panel selection provision that prescribes the manner in which the Committee and the plaintiffs select members of the arbitration panels that will resolve their future disputes. The panel selection provision requires that each party choose one panel member and that the parties' chosen members then jointly choose the third member.

In 2006, the Committee brought an arbitration complaint in which it alleged that the plaintiffs' accounting practices violated the agreement. The parties selected an arbitration panel pursuant to the panel selection provision, and that panel ("the original panel") determined that the plaintiffs had not violated the agreement. A federal district court then confirmed the original panel's order and entered judgment in favor of the plaintiffs on June 21, 2007.

On October 2, 2007, the Committee filed a second arbitration complaint against the plaintiffs. This complaint also challenged the plaintiffs' accounting practices. Contending that the complaint raised issues that were decided or could have been decided by the original panel in the prior arbitration proceeding, the plaintiffs filed suit against the Committee in federal district court seeking a declaration that the second arbitration complaint was barred by res judicata and an injunction prohibiting the Committee from further pursuing the second arbitration complaint.

Before the district court resolved the plaintiffs' suit, it approved a stipulation agreement between the parties that stayed the second arbitration proceeding and provided in part:

> All of the parties' respective rights and obligations concerning the New Arbitration Proceeding shall be tolled until the resolution of this matter by the District Court . . . .
>
> In the event that [the court] dismisses the [federal] complaint or rules that any portion of the arbitration proceeding may go forward, [the Committee] agrees that Plaintiffs shall have ten (10) days following their receipt of such ruling in which to submit a response to [the Committee's] complaint in the *New Arbitration Proceeding*, to identify any additional matters to be arbitrated, and *to designate Plaintiffs' party-appointed arbitrator*. Plaintiffs reserve the right to appeal any such ruling by the District Court, and to seek a stay from the District Court or any appellate court of *the New Arbitration Proceeding* until such appeal is final.

(emphasis added).

The Committee moved to dismiss the plaintiffs' complaint, arguing that the res judicata effect of a prior arbitration order is an arbitrable issue that should be decided in arbitration, not in court. The district court agreed and granted the Committee's motion to dismiss. Thus, in its written order dated May 16, 2008, the court directed the parties to "proceed with arbitration in accordance with their arbitration Agreement." *Shell Oil Co. et al. v. CO$_2$ Comm., Inc.*, No. CIV-07-1033, at 11 (D.N.M. May 16, 2008).

Thereafter, the plaintiffs filed a motion with the original panel requesting a determination that the Committee's second arbitration complaint was barred by res judicata. The Committee, however, refused to submit the res judicata issue to

the original panel and threatened to sue its members if they attempted to take any action in that regard. The plaintiffs then filed a response to the Committee's second arbitration complaint in which they objected to the formation of a new panel, argued that the second arbitration complaint was barred, and conditionally designated their arbitrator for the new panel.

The plaintiffs also filed a motion in district court seeking clarification of the court's May 16 order. Specifically, the plaintiffs asked the district court to clarify whether it had intended to refer the res judicata issue to the original panel or to a new arbitration panel. Accordingly, on October 20, 2008, the district court issued another written order clarifying that the res judicata issue must be resolved by the original panel. The district court reasoned that the original panel was already familiar with the complex facts of the case and was in the best position to determine the scope of its prior order. Indeed, the district court found that the formation of a new panel would vitiate the primary purposes of arbitration—the cost-effective and expeditious resolution of disputes. Finally, the court ruled that if the original panel determined the second arbitration complaint was not barred, the merits of the second arbitration complaint should be decided by a new panel selected pursuant to the panel selection provision.

The Committee now timely appeals from the October 20 order referring the

res judicata issue to the original panel.[1]

## II. DISCUSSION

We review a district court's interpretation of the Federal Arbitration Act ("FAA") de novo. *Zink v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 13 F.3d 330, 333 (10th Cir. 1993). Similarly, we review a district court's interpretation of an unambiguous contract de novo. *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1345 (10th Cir. 1992). If, however, we determine that the contract is ambiguous such that the district court relied on extrinsic evidence to guide its interpretation, we treat that interpretation as factual and only reverse for clear error. *Cavic v. Pioneer Astro Indus., Inc.*, 825 F.2d 1421, 1423–24 (10th Cir. 1987).

The FAA provides that:

A written provision in . . . a contract evidencing a transaction involving

---

[1]Prior to filing its notice of appeal, the Committee first filed a motion to reconsider the October 20 order on November 3, the last day it could timely file that motion. The Committee's November 3 filing, however, was defective because it was scanned sideways. The Committee corrected the defect and re-filed its motion to reconsider on November 7. While its motion to reconsider was pending in the district court, the Committee timely filed its notice of appeal from the district court's May 16 and October 20 orders. Following that filing, the district court dismissed the Committee's motion to reconsider as untimely. Once the district court dismissed the Committee's motion to reconsider its notice of appeal became effective.

As Plaintiffs point out, many of the Committee's appellate arguments were raised for the first time in its motion to reconsider, and the Committee concedes that its motion to reconsider can be treated as if it were never filed. Accordingly, we will not examine the timeliness of the Committee's motion to reconsider nor any arguments raised for the first time in it. *See Pignanelli v. Pueblo Sch. Dist. No. 60*, 540 F.3d 1213, 1217 (10th Cir. 2008) ("We do not review claims on appeal that were not presented below.").

commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract . . shall be valid, irrevocavble, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. This section announces "a liberal federal policy favoring arbitration agreements." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quotations omitted). Accordingly, "arbitration is a matter of contract" in which courts have a limited role. *Id*. In that limited role, courts do not have authority to decide questions explicitly addressed by the arbitration agreement. *Id*. Rather, courts are bound by the terms of the agreement and may only decide questions of arbitrability—that is, whether the parties have agreed to submit a specific dispute to arbitration—"in the kind of narrow circumstance where contracting parties would likely have expected a court to have decided the gateway matter." *Id*.

Consistent with this statutory scheme of promoting the resolution of commercial disputes through arbitration rather than litigation, the FAA expressly favors the selection of arbitrators by parties rather than courts. Section 5 of the FAA provides in relevant part, "[i]f in the [arbitration] agreement provision be made for a method of naming or appointing an arbitrator or arbitrators . . . such method shall be followed. . . ." 9 U.S.C. § 5. Indeed, Congress has articulated only three instances in which a court may designate arbitrators: (1) if the arbitration agreement does not provide a method for selecting arbitrators; (2) if the arbitration agreement provides a method for selecting arbitrators but any party

to the agreement has failed to follow that method; or (3) if there is " a lapse in the naming of an arbitrator or arbitrators." *Id*.

In this case, the binding arbitration section of the class settlement agreement states, "[t]he meaning and effect of this Agreement and any and all disputes, disagreements, or claims . . . arising from or relating in any way to . . . this Agreement shall be submitted to and decided by binding arbitration pursuant to the provisions of this section . . . ." Appellant's App. at 193. The panel selection provision, which follows in the same section, provides:

> Within ten (10) days after notice by one party to the other of its demand for arbitration, which demand shall also set forth the matter or matters to be submitted and the name of its arbitrator, the other party shall name its arbitrator, identify any additional matter(s) to be submitted, and so notify the demanding party. Within ten (10) days thereafter the two arbitrators shall select a third arbitrator.

*Id*.

As the district court implicitly recognized, these provisions unambiguously reflect the parties' intent that "*any and all* disputes, disagreements, and claims" arising out of the class settlement agreement are arbitrable. Such broad and expansive language clearly encompasses not only the merits of a substantive arbitration complaint but also the applicability of various defenses to such a complaint. Indeed, the parties agree to arbitrate not only "claims" but also "any and all disputes" arising from the class settlement agreement, and the panel selection clause reinforces this provision by permitting the party served with an

arbitration demand to identify additional matters—which necessarily includes the applicability of potential defenses—it wishes the panel to determine.

We disagree, however, with the district court's interpretation of the arbitration provisions as providing for a prior panel to resolve, after the fact, a dispute regarding the res judicata effect of its prior order on a newly submitted arbitration complaint. The arbitration provisions state that each time a party files a new arbitration complaint, the parties shall select panel members in the manner prescribed by the panel selection provision. The fact that one party contends that the arbitration complaint must be dismissed for raising the same issues already resolved by a prior arbitration proceeding has no bearing on the panel selection process in this particular agreement. The agreement is clear: a new panel is convened each time a party demands arbitration on an arbitrable issue, and there is no provision establishing any particular panel's appointment beyond the resolution of a particular complaint.

The district court correctly determined that the res judicata effect of the original panel's order is an arbitrable issue that should not be decided by a court. That issue, however, arises as a defense to the Committee's second arbitration complaint, and the panel selection provision requires the formation of a new panel for each new arbitration complaint. Therefore, by referring the res judicata issue to the original panel, the district court effectively designated the arbitrators for that issue in direct contravention of the panel selection provision.

Notwithstanding the potential efficiency benefits of having the original panel determine the precise scope of its own prior order, the district court's authority to designate arbitrators was limited by 9 U.S.C. § 5 and the parties' panel selection provision. Accordingly, the district court erroneously interpreted the class settlement agreement and exceeded its limited role under the circumstances when it referred the res judicata issue to the original panel.

Finally, the Committee makes a cursory claim for attorneys' fees. Because that claim was not adequately presented in the Committee's opening brief, however, we will not consider it. *See* Fed. R. App. P. 28(a)(9) (requiring appellant's argument in the opening brief to contain "contentions and the reasons for them" and "citations to the authorities and parts of the record on which the appellant relies"); *see also Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277–78 (10th Cir. 1994).

### III. CONCLUSION

Under the arbitration agreement in this case, the applicability of the plaintiffs' res judicata defense based on a prior arbitration order shall be resolved by a new arbitration panel chosen pursuant to the selection process outlined in the parties' arbitration agreement. We therefore REVERSE the order of the district court referring the issue to the original panel. The order dismissing the plaintiffs' complaint is otherwise AFFIRMED. Appellant's motion to expedite the appeal is DENIED as moot.