**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PINE TELEPHONE COMPANY, INC.,
an Oklahoma corporation,

        Plaintiff-Counter-Claim-
        Defendant-Appellee,

v.

ALCATEL-LUCENT USA, INC.,
a Delaware corporation, f/k/a Alcatel
USA Marketing, Inc.,

        Defendant-Counter-
        Claimant-Appellant.

No. 11-7080
(D.C. No. 6:11-CV-00353-JHP)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

Defendant-appellant Alcatel-Lucent USA, Inc. ("Alcatel") appeals from an

order of the district court remanding this breach of contract action to the Oklahoma

state court where plaintiff-appellee Pine Telephone Company, Inc. ("Pine

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Telephone") filed it. After Alcatel removed the case to federal court, Pine Telephone successfully sought the remand to its chosen Oklahoma state court forum based on a venue clause in the parties' contract. Because the clause relied upon by Pine Telephone neither establishes a mandatory state court venue for Pine Telephone's breach of contract action nor clearly and unequivocally waives Alcatel's right to remove this action to federal court once filed in state court, we VACATE the order remanding the case to state court and REMAND for further proceedings in the Eastern District of Oklahoma.

I.

We begin by establishing our jurisdiction to entertain this appeal. An order remanding a case to the state court from which it was removed based on lack of jurisdiction or a defect in the removal procedure is ordinarily not reviewable on appeal. 28 U.S.C. § 1447(d). But this statutory prohibition is inapplicable to remands "based on a determination on the merits of a nonjurisdictional issue," such as "the district court's decision to honor a forum selection clause." *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 580 (10th Cir. 1997) (quotation omitted). Although the district court's minute order did not detail its reasons for the remand, it expressly granted Pine Telephone's remand motion—a motion in which Pine Telephone had sought enforcement of the contractual clause. We therefore conclude that the order appealed from was based on the merits of a nonjurisdictional issue and that § 1447(d) does not preclude our review. *See SBKC*, 105 F.3d at 580.

- 2 -

Addressing a different facet of the jurisdictional inquiry, we note that appellate jurisdiction is also proper because the district court's remand order falls within the collateral order exception to the final judgment rule.  *See Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1344-45 (10th Cir. 1992).

II.

So long as diversity jurisdiction was proper (and neither party argues it was not), Alcatel had the right to remove this case to federal court, *see* 28 U.S.C. § 1441(a), unless it gave up that right as part of the contract that forms the basis of the parties' dispute.  Pine Telephone contends that Alcatel did just that, in the last sentence of paragraph 18.10 of the contract.  That clause reads as follows:

> 18.10  Purchaser [Pine Telephone] submits to the personal jurisdiction of the state or federal courts located in the State of Texas.  Purchaser stipulates that venue for adjudication of any dispute arising out of this Agreement may be in Dallas County or Collin County, Texas.  Notwithstanding the foregoing, *either party may initiate and prosecute any legal proceeding* or seek enforcement of any judgment *in any proper court having jurisdiction* in the United States or elsewhere.

Aplt. App. at 33 (emphasis added) (quotation omitted).

The parties reach differing conclusions concerning the effect of the highlighted language.  Alcatel argues that it represents a permissive venue provision that did not clearly and unequivocally waive Alcatel's right to remove the action to federal court.  Pine Telephone acknowledges that the parties did not by the highlighted language designate a mandatory or exclusive venue in which this action had to be brought.  But Pine Telephone contends that the above-cited language, giving it the right to "initiate

- 3 -

*and prosecute*" an action in any proper court with jurisdiction, foreclosed Alcatel's right to remove the action to federal court once Pine Telephone initiated its action in its chosen state court forum.

Our review "is basically one of contract interpretation, requiring *de novo* consideration." *Milk 'N' More*, 963 F.2d at 1345. Our aim is to "enforce the agreement between the parties in accordance with its own terms." *SBKC,* 105 F.3d at 582. Central to our inquiry, however, is the legal principle that "a waiver of one's statutory right to remove a case from a state to a federal court must be *clear and unequivocal*." *Milk 'N' More*, 963 F.2d at 1346 (internal quotation marks omitted) (emphasis added).

We agree with Alcatel, first, that the highlighted language represents only a permissive and not a mandatory venue provision. "In particular, the clause refers only to jurisdiction [not to a specified venue], and does so in non-exclusive terms (e.g., there is no use of the terms 'exclusive,' 'sole,' or 'only')." *K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 500 (10th Cir. 2002). These are indicia of a permissive venue provision, *see id.*, which is insufficient to effectuate a waiver of Alcatel's right of removal.

The provision at issue in this case does not fall entirely within the ambit of permissive venue language construed in our prior cases, however. Here, we are presented not only with the issue of whether the parties "intended to commit [the filing of a suit] to [a specific] court to the exclusion of all others," *SBKC*, 105 F.3d

- 4 -

at 582, but also whether they intended to foreclose removal to federal court once a permissive but appropriate state court forum had been selected. Again, only if such an understanding appears clearly and unequivocally in the language the parties used will we conclude that Alcatel waived its right of removal.

No such clear and unequivocal intent appears here. The parties have not pointed us to any case law interpreting the particular language used in their contract, nor have we found any in the waiver-of-removal context. While Pine Telephone is correct in asserting that in the presence of ambiguity the clause must be construed against Alcatel as drafter, *see Milk 'N' More*, 963 F.2d at 1346, this factor is not dispositive. We turn instead to the plain meaning of the provision. *SBKC*, 105 F.3d at 581-82.

The language here relied on by Pine Telephone permitted it to "initiate and prosecute" a legal proceeding. According to one respected commentator, the word "prosecute" when used in the civil context means "to carry out or engage in a legal action; to follow up on a legal claim." Bryan A. Garner, A Dictionary of Modern Legal Usage 706 (2d ed. 1995). The foregoing definition if applied here would not clearly and unequivocally guarantee the party filing the action the right to pursue its legal proceeding to completion or without removal from state court. Nor does the word "initiate" carry such a connotation. It means merely to "*begin, open*, or *introduce*." *Id.* at 448. Finally, combining the two words using the conjunctive phrase "and" does not clearly and unequivocally signify the suing party's right to

both file and prosecute a legal proceeding *to completion* within a chosen state court forum.

The choice of venue clause in the parties' contract does not establish an enforceable waiver of Alcatel's right to remove this action to federal court. The judgment of the district court is therefore VACATED and the case is REMANDED for further proceedings in accordance with this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge